### R. I. LEE v. JOHN H. BROOCKS ET AL.

Decided November 7, 1910.

**Sheriff—Levy—Satisfaction of Judgment—Commissions.**

Under the provisions of article 2400, Rev. Stats., a sheriff or constable is not entitled to any commissions on money paid directly by a judgment debtor to the judgment creditor in satisfaction of the judgment, even though a levy had been made and the property advertised for sale at the time of the settlement. He is only entitled to commissions on money actually collected by him.

Appeal from the District Court of Liberty County. Tried below before Hon. L. B. Hightower.

*G. H. Pendarvis,* for appellant.

No brief for appellees.

· PLEASANTS, CHIEF JUSTICE.—Appellant, having recovered a judgment in the court below against appellee Broocks for the sum of $17,316.88 with foreclosure of a vendor's lien upon a survey of land in Liberty County, procured the issue of an order of sale upon said judgment on June 5, 1909, and the same was placed in the hands of appellee, J. R. Thornton, constable of precinct No. 1 of said county, for execution. Thornton levied upon the land and advertised it to be sold on July 6, 1909. On June 24, 1909, appellee Broocks paid the amount of the judgment, interest and costs of suit, to appellant Lee, who thereupon directed the order of sale to be returned unexecuted. Appellee Thornton made the return as directed on June 29th and in said return claimed, in addition to the fees allowed by law for the levy, advertisement and return, a commission of $58.59 upon the amount collected by appellant in satisfaction of the principal and interest due on said judgment. Upon the refusal of appellant to pay this commission, Thornton filed in the court below a motion to tax said commission as costs in the original suit. From an order of the court granting said motion and adjudging appellant liable for said commission this appeal is prosecuted.

Article 2460 of the Revised Statutes provides as follows: "Sheriffs shall receive the following fees: . . . Collecting money on an execution or order of sale, when the same is made by a sale, for the first one hundred dollars or less, four per cent; for the second one hundred dollars, three per cent; for all sums over two hundred dollars, two per cent. When the money is collected by the sheriff without a sale, one-half of the above rates shall be allowed him."

The Act of 1897 changes the amount of commissions allowed sheriffs for collecting money on an order of sale when a sale is made, but makes no change in the former law as to the commissions allowed when the money is collected without sale.

We think it clear under the provisions of the statute before quoted that appellee Thornton was not entitled to a commission upon the money paid by appellant by Broocks. He was only allowed a commission upon money collected by him. The statute fixes the fees allowed the officer for services in the execution of the writ prior to the sale, and if the sale is not made and the money due on the judgment is not collected by him he is entitled to no commission.

This disposes of the only question presented by this appeal, and, our conclusion being as above stated, it follows that the judgment of the court below is reversed and judgment here rendered for appellant.

*Reversed and rendered.*

Writ of error refused to Broocks.