STEVENS v. ROBB et al. (No. 8010.)

(Court of Civil Appeals of Texas. Galveston. March 16, 1921. Rehearing Denied April 7, 1921.)

Evidence ⬅460(6)—Actual location of lines and corners called for in deed may be proved by parol.

Parol evidence is admissible to prove that the lines and corners of the tracts of land called for in a deed were not located on the ground at the point called for by the field notes in the deed, since the rule against varying the terms of a written instrument by extraneous evidence is not infringed by extraneous evidence explaining the calls in field notes, and thereby applying the field notes to the ground and identifying the location of the land intended to be conveyed.

Appeal from District Court, Brazoria County; A. E. Masterson, Special Judge.

Action by Norman K. Robb and others against Frank K. Stevens. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

R. C. Gaines, of Angleton, for appellant.
Louis J. Wilson, of Angleton, for appellees.

PLEASANTS, C. J. This is an action of trespass to try title brought by the appellees, Norman K. Robb, Joseph I. Lanning, E. E. White, and R. C. Gaines, against the appellant to recover a tract of 41.80 acres of land on the T. W. Grayson survey in Brazoria county.

Plaintiffs' petition, in addition to the statutory requirements of a petition in an action of trespass to try title, alleged that the defendant was claiming title under Abraham W. Holt, who was the common source of title, the land in controversy being a part of a tract of 156¼ acres, more or less, to which plaintiffs had title under deeds emanating

from the common source. They further pleaded title by limitation of three, five, and ten years.

The defendant answered by general demurrer, general denial, and plea of not guilty.

The trial in the court below without a jury resulted in a judgment in favor of the plaintiffs for the title and possession of the land in controversy.

As the cause was developed by the evidence adduced on the trial, plaintiffs' title to the land depends on whether it is a part of the 156¼-acre tract on the Thomas W. Grayson survey mentioned in the petition, and to which plaintiffs show title under deed from the common source. The deed under which plaintiffs claim describes the land thereby conveyed as follows:

"Beginning on the west line of land owned by Peter Hanson at a live oak post for the N. E. corner of tract now owned by John Ross, which is the S. E. corner of this tract; thence running N. 84 deg. 18 minutes W. 441½ varas to corner of Charles H. Evans tract, which is on the middle line of the said Grayson survey; thence N. 1,939 varas to stake on the S. line of the Oberhelman tract; thence N. 86 deg. 18 minutes E. 441½ varas to stake and iron post for corner; thence S. 2,058.2 varas along the west line of the Peter Hanson tract to the place of beginning—containing 156¼ acres of land."

The evidence shows that, if the Hanson, Ross, Evans, and Oberhelman tracts are located in accordance with unambiguous calls for course and distance from the lines of other tracts on the Grayson survey set out in the field notes contained in the deeds under which these tracts of land are held, the 156¼-acre tract will be located as claimed by the plaintiffs and will include the land in controversy.

The defendant offered evidence showing the actual locations of the west line of the Hanson tract, the northeast corner of the Ross, and the lines and corners of the other tracts called for in the field notes of the 156¼-acre tract as such lines and corners were established, known, and recognized by the owners of said tracts at the time of and long prior to the execution of the deed conveying the 156¼ acres above described.

If the 156¼-acre tract owned by plaintiffs is located from these known and established lines and corners, it will not include any of the land in controversy.

The trial court excluded this evidence on the objection of plaintiffs that the unambiguous description of the land contained in the deed under which plaintiffs claim could not be varied or changed by extraneous testimony. This ruling of the court is assailed by the appellant under appropriate assignments of error.

We think the learned trial judge erred in excluding the evidence upon the ground stated.

Proof of the fact that the lines and corners of the tracts of land called for in the deed under which plaintiffs claim were not located on the ground at the point called for by the field notes in the deeds conveying said tracts does not vary or change the description of the land contained in plaintiffs' deed. The rule against varying the terms of a written instrument by extraneous evidence is not infringed by extraneous evidence explaining the calls in field notes and thereby applying the field notes to the ground and identifying the location of the land intended to be conveyed. This was the purpose and effect of the excluded evidence, and it was just as admissible as the evidence introduced by plaintiffs showing the location of the tracts of land called for in their deed if made in accordance with the calls in the field notes of said tracts. If such lines were actually fixed and established on the ground as shown by the excluded evidence, and no other lines were ever fixed or recognized as the lines of the tracts, these must be regarded as the lines and corners called for in plaintiffs' deed, regardless of whether they were correctly located.

These conclusions render the other questions presented by the briefs immaterial, and therefore they will not be discussed.

For the error indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.