BAKER v. WEST et al. (No. 7227.)

Court of Civil Appeals of Texas. Austin.
May 16, 1928.

Rehearing Denied June 6, 1928.

1. Lis pendens ⟨⟩25(4)—Judgment creditor of defendant in trespass to try title suit purchasing at sheriff's sale was not protected by lis pendens statutes (Rev. St. 1911, arts. 6837–6840).

Judgment creditor of defendant in suit in trespass to try title was not the purchaser protected by lis pendens statutes, Rev. St. 1911, arts. 6837–6840, where she purchased at sheriff's sale and did not pay valuable consideration, but merely credited her judgment with amount of her bid less costs of sale.

2. Lis pendens ⟨⟩25(4)—Judgment creditor of defendant in trespass to try "title" suit, purchasing at sheriff's sale pending litigation, was bound by judgment regarding title (Rev. St. 1925, art. 7391; Rev. St. 1911, arts. 6837–6840).

Where W. filed suit in trespass to try title against judgment debtor of plaintiff, and plaintiff later caused execution to be issued on judgment and purchased lots at sheriff's sale, judgment in such suit was conclusive against plaintiff as to title under Rev. St. 1925, art. 7391, since title asserted by her arose after commencement of suit, and she was not purchaser for value without notice of pendency of suit within lis pendens act, Rev. St. 1911, arts. 6837–6840, word "title" in Rev. St. 1925, art. 7391, meaning right whereby we hold our own; just or lawful cause or ground of possessing that which is ours; that which is foundation of ownership of either real or personal property; that which constitutes just cause of exclusive possession (citing 4 Words and Phrases, Second Series, p. 924, "Title").

3. Judgment ⟨⟩800(5)—Judgment creditor, after commencement of trespass to try title suit against debtor, lost only right to foreclose by separate proceeding (Rev. St. 1925, art. 7391).

Only remedy which judgment creditor might have exercised but which was lost to her after commencement and during pendency of trespass to try title suit against her judgment debtor under Rev. St. 1925, art. 7391, was right to foreclose and sell lots under her judgment lien by separate and independent proceeding of her own.

Appeal from District Court, Harris County; Walter E. Monteith, Judge.

Trespass to try title by Mollie Baker against H. O. West and others. From the judgment, plaintiff appeals. Affirmed.

Fogle & Gentry, of Houston, for appellant.
J. R. Hill and P. Harvey, both of Houston, for appellees.

BLAIR, J. Appellant, Mollie Baker, sued appellee H. O. West and others in trespass to try title for the recovery of lots 16 and 17, in block 35, Houston Heights addition to the city of Houston. On a trial to the court without a jury she was denied a recovery upon the ground that the title upon which she relied was acquired after the commencement of a trespass to try title suit for recovery of the same lots by appellee West against E. B. Ramsey, from, through, and under whom appellant obtained her alleged title, and that she was therefore a pendente lite purchaser in privity with E. B. Ramsey to the judgment rendered against him in that suit, under provision of article 7391, R. S. 1925, which reads as follows:

"Any final judgment rendered in any action for the recovery of real estate shall be conclusive as to the title or right of possession established in such action upon the party against whom it is recovered, and upon all persons claiming from, through or under such party by title arising after the commencement of such action."

The following undisputed evidence sustains the judgment of the trial court: L. E. Norton is common source of title. On May 1, 1920, he conveyed the lots to E. B. Ramsey, reserving a vendor's lien to secure the purchase price. Theretofore, on July 7, 1915, appellant had recovered a judgment against E. B. Ramsey and had caused an execution to be issued thereon within one year, which was returned nulla bona. On July 14, 1915, appellant properly filed and had recorded an abstract of her said judgment in Harris county, where the lots were situated, which became a statutory lien upon the lots after Ramsey purchased them, subject, however, to the purchase price lien. On November 16, 1922, the city of Houston recovered judgment against E. B. Ramsey, L. E. Norton, and others in the sum of $106.24, for delinquent taxes due on the lots in suit and other lands, with foreclosure of a tax lien thereon. At the foreclosure sale the lots were sold to Clay Tallman, who later conveyed them to appellee H. O. West. On May 1, 1925, appellee West filed a suit in trespass to try title for the recovery of said lots against E. B. Ramsey, L. E. Norton, and others, and on June 6, 1926, recovered judgment against all defendants for title and possession of the lots; from which judgment no appeal was taken, and it became final in all things. Appellant was not made a party to either of the above-mentioned suits. On June 9, 1925, and after the commencement of West's trespass to try title suit against said E. B. Ramsey, L. E. Norton, and others, appellant caused an execution to be issued on her judgment against Ramsey, and to be levied upon the lots in suit. The sheriff regularly advertised them for sale, and on July 7, 1925, sold them to appellant for $50, of which $12.50 was paid on costs and $37.50 was credited on appellant's judgment against Ramsey, the sher-

iff's deed to appellant being dated July 8, 1925. Thereafter, on February 18, 1926, appellant instituted this suit asserting title to the lots solely under the sheriff's deed to her.

In the case of Stout v. Taul, 71 Tex. 444, 9 S. W. 331, the court held as follows:

"The statute itself declares what effect shall be given to a judgment in action of trespass to try title. It provides that 'any final judgment rendered in an action for the recovery of real estate hereafter commenced shall be conclusive, as to the title or right of possession established in such action, upon the party against whom it is recovered, and upon all persons claiming from, through, or under such party, by title arising after the commencement of such action.' Rev. St. art. 4811. This restricts the conclusive effect of the judgment to the parties, in legal effect, before the court when it is rendered; makes certain, by the record, the extent and effect of the judgment; and avoids all the uncertainty, in reference to such judgments, as could result if evidence outside the record might be resorted to for the purpose of showing who are bound by the judgment, or, in other words, who were parties to the action. It establishes a rule consistent with the principle of justice, which denies effect to a judgment against any one not brought before the court, rendering it in some mode prescribed by law, except as to those claiming through a party to such action through inheritance or representation, or by conveyance made pending or after the commencement of the action."

In the case of Allen-West Commission Co. v. Gibson (Tex. Civ. App.) 228 S. W. 345 (a case directly in point on all material facts and in which a writ of error was refused) it is held as follows:

"There is no more wholesome maxim of the law than 'that it is to the interest of the public that there should be an end of litigation,' and that it is but an application of this maxim to declare that a purchaser pendente lite cannot relitigate questions determined in a suit to which his vendor was a party. Flanagan v. Pearson, 61 Tex. 304; Lee v. Salinas, 15 Tex. 498; Smith v. Olsen, 92 Tex. 183, 46 S. W. 631; Evans Co. v. Reeves, 6 Tex. Civ. App. 254, 26 S. W. 219. * * * In such case he is, in effect, charged with constructive notice of the pendency of the suit and its nature. Jones v. Robb [35 Tex. Civ. App. 263] 80 S. W. 399 [395]. The appellant by its purchase at the sale made in December, 1911 under the foreclosure judgment of the federal court could obtain no greater title to the lands sold than N. S. Sodekson had, and appellant having purchased pending the suit of J. W. Gibson against Sodekson to recover said lands, and judgment having been subsequently rendered in said suit in favor of J. W. Gibson adjudging that Sodekson had no title and investing Gibson with full title, appellant was not entitled to recover in this suit, and judgment was properly rendered for the appellees. There is no question but that, if the appellant had purchased and secured a deed from N. S. Sodekson in satisfaction and discharge of the debt and lien held by it against Sodekson during the pendency of the suit of J. W. Gibson against Sodekson, the doctrine of lis pendens would have applied to such pur-

chase and appellant bound by the judgment in that case. This being true, we are unable to see how the appellant could be placed in any better position by his seizure, sale and purchase under his foreclosure judgment against N. S. Sodekson pending that suit than he would have occupied in the case of a direct conveyance to him. It is our opinion that in either case the result of the J. W. Gibson suit would be binding upon him."

[1] A lis pendens notice under provision of the act of 1905 (articles 6837–6840, R. S. 1911) had been filed in the last case quoted from, but that act has no application to the facts of this case. That "act undertakes no change in the doctrine of lis pendens save in favor of transferees and encumbrancers, for a valuable consideration, and without actual or constructive notice of the pending suit." City Nat. Bank v. Craig, 113 Tex. 380, 257 S. W. 210. Appellant under the undisputed evidence was not such a purchaser as is protected by the lis pendens statutes, supra, because she purchased at a sheriff's sale, and did not pay a valuable consideration within the purview of the statutes, but merely credited her judgment with the amount of her bid, less costs of sale. Lipsitz v. Rice (Tex. Civ. App.) 233 S. W. 594: Houston Oil Co. v. Hayden, 104 Tex. 175, 135 S. W. 1149; Lovenskiold v. Casas (Tex. Civ. App.) 229 S. W. 891; Brewer v. Warner, 105 Kan. 168, 182 P. 411, 5 A. L. R. 385; 32 C. J. 375, and cases there cited.

[2] The case of Dull v. Blackman, 169 U. S. 243, 18 S. Ct. 333, 42 L. Ed. 733, and other cases are cited by appellant as authority for the contention that, not being a party to the tax suit or judgment in favor of the city of Houston, nor to the trespass to try title suit or judgment in favor of appellee West against her vendor, E. B. Ramsey, under the execution sale, she was not bound by either suit or judgment as affecting her rights under her judgment lien, which attached to the lots in suit long prior to the filing of either suit. But that rule has no application to this case. Appellant is not asserting by this suit any rights under her prior judgment lien, but is asserting "title" to the lots solely under the sheriff's deed to her, which was executed after the commencement and during the pendency of the West trespass to try title suit against her vendor. The word "title" is used in article 7391, supra, in its generally accepted sense, which is defined in 32 Cyc. 678, as follows:

"The term 'title' has been defined as the right whereby we hold our own; the just or lawful cause or ground of possessing that which is ours; that which is the foundation of ownership, of either real or personal property; that which constitutes a just cause of exclusive possession. Title has also been defined as the evidence of the right which a person has to the possession of property, or the evidence of ownership; the means whereby the owner is entitled to assert or maintain his possession, or the means

whereby a person's right to property is established."

See also 4 Words and Phrases, Second Series, 924. So it is clear beyond dispute that article 7391 simply provides that any final judgment in any action to recover real estate is conclusive as to title and possession, not only upon the party against whom it is rendered, but is also conclusive "upon all persons claiming from, through, or under such party, by title arising after the commencement of such action." The only exception to this lis pendens rule is that provided in the lis pendens act of 1905, supra, excepting only "transferrees and incumbrancers" who purchase "for a valuable consideration, and without actual or constructive notice of the pending suit." City Nat. Bank v. Craig, supra. It must therefore follow that the "title" asserted by appellant in this suit necessarily arose after the commencement of the West trespass to try title suit against her vendor, and that she was not a purchaser for value without notice of the pendency of said suit within the purview of the lis pendens act of 1905.

[3] Appellant's contention in this connection that the holding of the trial court in this case and of the appellate court in the case of Allen-West Commission Company v. Gibson, supra, to the same effect, is not only startling but fraught with disastrous consequences and making it unsafe for one to lend money upon real estate security, is wholly without merit or foundation. The conclusive judgment or pendente lite statute, supra, charges all purchasers, save those particularly excepted, with at least constructive notice of a pending action for the recovery of real estate, and also binds those with actual or constructive notice of the pending action to the judgment rendered. Appellant could have intervened and had her judgment lien established against the successful party to the West suit, or she could still enforce her judgment lien against West, the successful litigant, after judgment, since she was not a party as affects her prior lien to that suit, provided the lien is not barred by some of the statutes of limitations. These remedies afford ample protection to the money lender on real estate security against the rule of pendente lite or lis pendens above stated. The only remedy which appellant might have ordinarily exercised, but which was lost to her after the commencement and during the pendency of West's trespass to try title suit against her judgment debtor, was the right to foreclose and sell the lots under her judgment lien by a separate and independent proceeding of her own. But to permit appellant to so proceed and to vest "title" in the purchaser at the foreclosure sale would be in the teeth of article 7391, supra, which vests "title" in the successful litigant in the pending trespass to try title suit against the losing party and against all persons who claim under "title" arising after the commencement of the action from, through, and under the party against whom judgment was rendered. In fact, to hold appellant not a purchaser pendente lite or lis pendens under the evidence of this case, and because she merely had a prior lien with right of foreclosure thereon before the commencement of the trespass to try title suit, would be to add another exception to pendente lite or lis pendens statutes without any authority found in the statutes themselves for such exception.

Our decision that appellant was a pendente lite purchaser and bound by the judgment in favor of West against E. B. Ramsey, her vendor, disposes of the case and renders all of appellant's other propositions immaterial; and from what has been said herein we affirm the judgment of the trial court.

Affirmed.