## BAKER v. WEST et al. (No. 1222—5239.)

Commission of Appeals of Texas, Section A. April 24, 1929.

Fogle & Gentry of Houston, for plaintiff in error.

Hill & Harvey of Houston, for defendants in error.

NICKELS, J. As evidence of title, a sheriff's deed of itself amounts to but a little, if anything. There must be a judgment; e. g., and a writ thereon. Bailey v. Block, 104 Tex. 105, 134 S. W. 323; Brown v. Bonoughi, 111 Tex. 275, 280, 232 S. W. 490.

The title which Mrs. Baker claims (in so far as the claim is proved) rests in a judgment (rendered in 1915 with execution within twelve months preventing dormancy), execution (alias) thereon issued June 9, 1925 (during pendency of the trespass to try title suit between West and Ramsey) levy thereof, sale (to herself) thereunder July 7, 1925, and sheriff's deed consummating the sale.

Her title, therefore, originated in a personal claim against Ramsey, established by judgment and undertaken to be enforced by ordinary execution. The claim or enforcement thereof did not touch the land involved until levy of the execution (after West had brought his suit against Ramsey for title). The execution, by levy, fell upon Ramsey's interest in the land—no more and no less. Article 3816 R. S. 1925 (article 3765, R. S. 1911). And that was the subject-matter of West's pre-existent and then existent suit. In that situation Mrs. Baker's title "arose after commencement" (by West) of the trespass to try title suit; and by force of article 7391, R. S. 1925 (article 7758, R. S. 1911) the final judgment in favor of West in that suit became "conclusive" against Mrs. Baker (in respect to the rights and title now asserted).

Mrs. Baker averred proper abstract, etc., of the 1915 judgment against Ramsey and the consequence of a lien attaching to the lands upon their acquisition by Ramsey in 1920 (articles 5447, 5449, R. S. 1925; articles 5611–5617, R. S. 1911), foreclosure of the lien, sale thereunder to herself, and sheriff's deed. Those averments (assumed as having been proved) are set up in the petition in error as the basis of the assignments of error and the argument. If the averments were proved, we would not doubt that her title "arose" prior to "commencement" of West's trespass to try title suit against Ramsey, and thus be immune to the force of article 7391, since in that event her claim (ripened into title by foreclosure and purchase thereunder) would have become attached to the land in 1920. But the record lacks such proof; it shows the materially different case stated by the Court of Civil Appeals, 7 S.W.(2d) 634, and restated in brief by us.

Accordingly, we recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.