# MARCH, 1931

MOLLIE BAKER v. H. O. WEST ET AL.

No. 5239. Decided March 4, 1931.
(36 S. W., 2d Series, 695.)

114

*Fogel & Gentry,* for plaintiff in error.

Neither the judgment foreclosing the lien for taxes nor the judgment in trespass to try title in favor of West affected the right of appellant, because she was not a party to either judgment. 34 Corpus Juris, 985; McDonald v. Miller, 90 Texas, 309; Green v. Robertson, 70 S. W., 346; Elliott v. Morrison, 121 S. W., 209; Lippincott v. Taylor, 135 S. W., 1070; Stout v. Tall, 71 Texas, 444, 98 S. W., 329; Adams v. West Lbr. Co., 162 S. W., 974; Dull v. Blackman, 169 U. S., 243.

The court erred in holding that Mollie Baker was a purchaser lis pendens under the provisions of article 7391, R. S. of 1925, by reason of the fact that she purchased the land in controversy at the foreclosure sale under her judgment lien while the suit of H. O. West against her judgment debtor was pending, notwithstanding the judgment lien was established on said property prior to the filing of such suit. Lippincott v. Taylor, 135 S. W., 1070; Kuehn v. Kuehn, 242 S. W., 718; City National Bank v. Craig, 113 Texas, 375, 257 S. W., 210; Stout v. Tall, 71 Texas, 444, 9 S. W., 329; Lamar County v. Talley, 104 Texas, 295, 135 S. W., 1125; White v. McGregor, 92 Texas, 556; Hopkins v. M'Claren, 4 Cowen (N. Y.) 678; Murphy v. Farwell, 9 Wis., 97; Parks v. Jackson, 11 Wendell, 442; Cole v. Allen, 64 Ala., 98; Bradley v. Luce, 99 Ill., 234; Sprague v. White, 73 Ia., 670; Roosevelt v. Land & River Company, 108 Wis., 653; Bannard v. Duncan, 79 Neb., 189; Andrews v. National Foundry & Pipe Works, 77 Fed., 774; Keokuk and Western R. R. Co. v. State of Missouri, 152 U. S., 301; City Nat'l Bank of Corpus Christi v. Craig, 113 Texas, 380.

*J. R. Hill* and *P. Harvey,* for defendants in error.

The appellant purchased the land involved at sheriff's sale based on

an execution issued on her judgment against E. B. Ramsey, said sale being made while the trespass to try title suit of H. O. West v. E. B. Ramsey, Henrietta Ramsey and L. E. Norton, involving the title to said land, was pending in the district court of Harris county, and she is a pendente lite purchaser and is bound by the judgment rendered in said cause in favor of H. O. West vesting in said West the title to the land involved herein. Revised Statutes, 1911, article 7758; Stout v. Tall, 9 S. W., 331; Allen-West Com. Co. v. Gibson, 228 S. W., 345; Lovenskiold v. Cases, 229 S. W., 891.

The superior title remaining in Norton by virtue of his deed to E. B. Ramsey reserving a vendor's lien to secure a purchase money note in the sum of $800 having passed to defendants under the city tax sale and the trespass to try title judgment in the case of West v. E. B. Ramsey et al., the appellant, claiming under Ramsey, is not entitled to recover the land from appellees without paying or offering to pay the unpaid purchase money owing on said property. Ufford v. Wells, 52 Texas, 612; Brown v. King, 235 S. W., 522; Testin v. Brannin, 261 S. W., 791; Dickerson v. Cruse, 176 S. W., 658; Pierce v. Moorman, 20 S. W., 821; Vinson v. Carter, 161 S. W., 49; Urban v. Bagby, 286 S. W., 519; Robinson v. Cleveland State Bank, 282 S. W., 860; Levy v. Parsons, 131 S. W., 446; Masterson v. Cohen, 46 Texas, 523; Burges v. Mellien, 50 Texas, 397; Bunn v. City of Laredo, 245 S. W., 466, same case 208 S. W., 675; Pecos Mercantile Co. v. McKnight, 256 S. W., 935; Rayes v. Kingman Imp. Co., 188 S. W., 451; Gamble v. Martin, 151 S. W., 327; Brown v. King, 196 S. W., 84; Ry. v. Blount, 136 S. W., 568.

MR. COMMISSIONER RYAN delivered the opinion of the court.

On May 1, 1920, L. E. Norton conveyed lots 16 and 17, in block 35, of Houston Heights Addition to the city of Houston, to E. B. Ramsey, by general warranty deed in which a vendor's lien was reserved to secure payment of the purchase money evidenced by promissory note for $800 payable in monthly installments of $15 each, and interest, beginning June 1, 1920. This deed was filed for record in Harris county on March 26, 1925.

On July 7, 1915, Mollie Baker recovered judgment in the county court at law of Harris county against E. B. Ramsey, for the sum of $268.79, with interest thereon, and caused an abstract thereof to be recorded in the judgment records of said county and properly indexed, on July 14, 1915. An execution was issued on said judgment within twelve months from its rendition.

No question is raised as to the sufficiency of said judgment or the proper record and indexing of the abstract thereof.

On June 9, 1925, an alias execution issued on said judgment was levied on the lots in controversy and sold at sheriff's sale on July 7, 1925, to said Mollie Baker for $50, of which amount the sum of $12.50 was

paid as costs, and the sum of $37.50 was credited on the judgment. On July 8, 1925, the sheriff executed and delivered a deed conveying said property to her.

On November 16, 1922, the city of Houston recovered judgment against Henrietta Ramsey, E. B. Ramsey, N. T. Masterson, and L. E. Norton, for the sum of $106.24, due on that and other land, as delinquent taxes for the year 1921, together with costs of court, foreclosure of the city's tax lien—the sum of $13.63 being decreed and foreclosed against the two lots, involved in this suit.

Under proper order of sale issued by virtue of said judgment, levy thereof and sale thereunder, the sheriff, on March 6, 1923, executed to Clay Tallman, deed to all the estate, right, title and interest of Henrietta Ramsey, E. B. Ramsey, L. E. Norton and H. T. Masterson in and to the land involved in this suit and the other land described in said tax judgment. Tallman's bid was $138.37, which was paid in cash.

On March 14, 1924, Tallman conveyed all the land so purchased by him at said tax sale to H. O. West, and he, on August 22, 1925, conveyed the same to Vernon Hall.

On May 1, 1925, H. O. West filed suit in the district court of Harris county, in trespass to try title against Henrietta Ramsey, E. B. Ramsey and L. E. Norton, to recover the lots involved in this suit, and recovered judgment therefor on January 6, 1926, which judgment has never been set aside or appealed from.

Mollie Baker was not a party to the suit or judgment for taxes referred to above, nor was she a party to the suit or judgment in the action of trespass to try title of West v. Ramsey et al., also above referred to.

On February 18, 1926, Mollie Baker filed this suit in the district court of Harris county, against H. O. West, Vernon Hall, P. Harvey and Levi Mason and Alice Mason, his wife, for the recovery of said property, and alleged, in addition to the usual averments in trespass to try title, that the claim of defendants is by virtue of foreclosure of said tax lien and their purchase thereunder, at which time she had a valid and subsisting judgment lien upon said land and premises, against E. B. Ramsey, under whom the defendants claim, but such claim of defendants was subsequent acquired and is subordinate to her rights; that she foreclosed her lien and the property was sold thereunder and purchased by her. She further alleged a tender to defendants of an amount of money in excess of that which they are alleged to be entitled to by reason of their purchase under said tax judgment, and a willingness and offer to pay, and a tender in court, of such sum of money as defendants may be so entitled to.

The trial court, upon plaintiff's motion, dismissed as to Levi Mason and wife, Alice Mason, and after trial without a jury, rendered judg-

ment denying plaintiff any recovery against the remaining defendants, either of the property or the right to redeem same from said tax sale.

The trial court found that after plaintiff, Mollie Baker, obtained the sheriff's deed under execution based on her judgment against E. B. Ramsey, she tendered to defendants herein, the sum of $13.63 with interest thereon from November 16, 1922, sufficient to cover the taxes, penalties and costs adjudged in said tax suit to be a lien on the two lots involved in this suit.

The trial court concluded that while the judgment lien of plaintiff attached to the interest of E. B. Ramsey in the two lots involved, upon the execution and delivery of the deed from Norton to him, said judgment lien was subject to the vendor's lien and superior title reserved in Norton by said deed; that said judgment and vendor's liens and superior title were all subordinate to the city of Houston's subsequently accrued tax lien, the judgment of foreclosure thereof and sheriff's sale thereunder to Tallman, and thereby there became vested in Tallman, all the title and interest of Ramsey as well as the superior title reserved in Norton, and therefore the judgment in the action of trespass to try title by West against Ramsey and Norton vested in West every character of title and interest held by them in said lots.

The trial court further concluded that while Mollie Baker, as the holder of said judgment lien against Ramsey, had the right to redeem from the tax sale within two years from the date of sale to Tallman, this right of redemption was lost after the lapse of such two years; that her claim is founded, not on the judgment lien, but on the sheriff's deed to her dated July 8, 1925, under her judgment against Ramsey, but this claim was so acquired after the filing and during the pendency of the trespass to try title suit of West v. Ramsey et al., and she was therefore a *pendente lite* purchaser and concluded by the judgment rendered in that suit vesting in West the title to said lots.

The trial court also concluded that the tender made by Mollie Baker in her pleadings covered only the tax judgment and not the indebtedness secured by the vendor's lien retained in the deed from Norton to Ramsey, and because the plaintiff, Mollie Baker, did not so redeem within two years from the tax sale, and did not offer to perform Ramsey's executory contract of purchase from Norton, and because her claim is based on the sale to her pending the suit of West v. Ramsey et al., she is not entitled to recover.

This judgment was affirmed by the Court of Civil Appeals, 7 S. W. (2d) 634. Writ of error was granted by the Supreme Court and on recommendation of the Commission of Appeals, the judgment of the Court of Civil Appeals was affirmed. 16 S. W. (2d) 254.

Subsequently, on motion for rehearing, such judgments were set aside and disposition of the cause retained by the Supreme Court.

OPINON.

When L. E. Norton, on May 1, 1920, conveyed the two lots in controversy to E. B. Ramsey, the judgment lien of Mollie Baker attached thereto, to the extent of Ramsey's interest therein, and subject to the vendor's lien and superior title retained by Norton to secure the unpaid portion of the purchase price. Rev. Stat. 1925, art. 5449; Diltz v. Dodson (Texas Civ. App.), 207 S. W., 356; McKaney v. Thorp, 61 Texas, 648; Barron v. Thompson, 54 Texas, 235; Willis v. Downes (Texas Civ. App.), 46 S. W., 920; Matula v. Lane, 22 Texas Civ. App., 391, 55 S. W., 504.

Such judgment lien, being propeily of record, was notice to the city of Houston of Mollie Baker's claim when the city afterwards filed its tax suit, as well as notice to purchasers under the city's judgment that she asserted such claim. She was a necessary party to foreclosure of the city's tax lien before she could be barred thereby. She was not made a party to the city's tax suit and therefore was not bound or concluded by it, nor was she a party to or bound by the judgment in the trespass to try title suit. The known owner or claimant is entitled to his day in court and to be heard in defense of his rights. Scales v. Wren, 103 Texas, 304; 127 S. W., 164; Green v. Robertson, 30 Texas Civ. App., 236, 70 S. W., 345 (writ of error denied); Lippincott v. Taylor (Texas Civ. App.), 135 S: W., 1071 (writ of error denied).

The tax judgment in question here was held void in Davis v. West (Texas Civ. App.), 5 S.·W. (2d) 870 (writ of error denied)—a suit involving other property than that in controversy here, but included in the same tax judgment and in the same order of sale and sheriff's deed to Clay Tallman. Obviously, if Mollie Baker had been made a party to the suit in trespass to try title filed by West against Henrietta and E. B. Ramsey and L. E. Norton, she could have urged the invalidity of the tax judgment and the proceedings thereunder, including the sheriff's deed to Tallman and his conveyance to West, as was successfully done by Davis in Davis v. West, and doubtless with the same result.

We therefore conclude that no rights, as against plaintiff in error, accrued to defendants in error by reason of the judgment in the tax suit and sale thereunder, or by reason of the judgment in the trespass to try title suit styled H. O. West v. Henrietta Ramsey et al.

The Court of Civil Appeals' based their affirmance of the judgment below on the propositions, (1) that Mrs. Baker's title originated with the sheriff's sale to her, under her judgment against Ramsey, on July 7, 1925, and such sale having been made after West's suit in trespass to try title against Henrietta and E. B. Ramsey and L. E. Norton had been filed on May 1, 1925, she is concluded as a *lis pendens* purchaser from or under E. B. Ramsey after the commencement of such trespass to try

title suit, under the provisions of article 7391, Rev. Stat., 1925, which reads as follows:

"Any final judgment rendered in any action for the recovery of real estate shall be conclusive as to the title or right of possession established in such action upon the party against whom it is recovered, and upon all persons claiming from, through or under such party, by title arising after the commencement of such action"; and (2) that her only remedy, but which was lost to her, after the commencement and during the pendency of West's trespass to try title suit against her judgment debtor, was the right to foreclose and sell the lots under her judgment lien by a separate and independent proceeding of her own, though the right to have intervened and have her judgment lien established against the successful party to the West suit seems to be conceded.

Mrs. Baker's lien and claim against any real estate owed or claimed by Ramsey and which eventuated in her title through the sheriff's sale under her judgment against Ramsey, originated, not with the sheriff's sale, but with the fixing of her judgment lien which attached to Ramsey's interest in the property in question, on May 1, 1920, when Ramsey acquired such interest from Norton.

It is the settled rule in this state that a judgment lien holder is not required as his only remedy, to file an independent suit to enforce or foreclose such judgment lien. Fikes v. Bank (Texas Civ. App.), 273 S. W., 957. As said by Judge Boyce in Ives v. Culton (Texas Civ. App.), 197 S. W., 619, 621, "such lien could be foreclosed either by execution sale or by decree of foreclosure in a suit brought for that purpose." The judgment there entered was affirmed by the Supreme Court on recommendation of the Commission of Appeals. 229 S. W., 321.

In passing upon this question, Judge Gould said in Lyon v. Legierse, 48 Texas, 138: "A judgment creditor may cause his execution to be levied on land fraudulently conveyed by the debtor, and if he himself becomes the purchaser at the execution sale, he may then bring his suit to have the fraudulent conveyance set aside, and recover the land. True, he may, if he sees fit, first institute his suit to have the conveyance declared fraudulent, and the land subject to his execution; but his right to proceed to levy and sell, in the first instance, is firmly established."

Judge Bonner, in Wallace v. Campbell, 54 Texas, 87, cited and approved Grace v. Wade, 45 Texas, 522, as authority for the proposition that a judgment lien against a debtor is superior to an unrecorded legal title of which the judgment creditor had no notice, and, as the creditor's rights are fixed by the lien, this will support the title derived through the subsequent sale under execution though the judgment creditor himself may have become the purchaser and have credited the amount of his bid upon the execution.

It is argued here that because Mrs. Baker credited the amount of her

bid on her judgment against Ramsey, though she paid the costs in cash, she was not an innocent purchaser for value; the authorities holding to that rule are not applicable to the facts here, because the claim of West under the city's tax judgment did not accrue until many years after Mrs. Baker's judgment lien accrued, and the sheriff's sale thereunder reverted back and as of the accrual of such judgment lien. As between Mrs. Baker and Ramsey, the judgment debtor, she paid value by crediting the amount of her bid on the judgment; her claim rests upon being a lien creditor and not a purchaser—a distinction drawn under our statute as held in Ayres v. Duprey, 27 Texas, 606, 86 Am. Dec., 657; Wallace v. Campbell, *supra.*

"It would be an idle ceremony if the plaintiff, on buying at a sale for his benefit, should be required to actually hand over to the sheriff the money, to be returned at once. The receipt of the plaintiffs acquits the sheriff equally with his bringing into court the proceeds of sale with the execution under which they are made." Blum v. Rogers, 71 Texas, 668, 9 S. W., 595, 597.

It follows therefore that the title of Mrs. Baker was not acquired *pendente lite* the trespass to try title suit of West v. Ramsey, and not having been made a party thereto she is not bound by the judgment therein, which means that she is not thereby barred of her right to redeem from or satisfy the balance legally due on the indebtedness evidenced by the promissory note given by E. B. Ramsey to L. E. Norton, and secured by vendor's lien retained by the latter.

The purchaser under the city of Houston's tax judgment was charged with notice of Mrs. Baker's antecedently recorded judgment lien and that she was not barred of her right to redeem from the city's tax claim, because she was not a party to the city's tax suit and her right of redemption therefrom were not foreclosed thereby. McDonald v. Miller, 90 Texas, 309, 39 S. W., 89.

We hold that the legal title is shown to be in Mrs. Baker, subject to whatever amounts may be shown to be legally due on the vendor's lien and on the tax lien as above stated, for the collection and enforcement of which the holders thereof have their proper remedies.

The judgments of the district court and of the Court of Civil Appeals are therefore reversed and the cause remanded for another trial in accordance with this opinion.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgment will be entered in accordance therewith.

C. M. CURETON, Chief Justice.