

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 9, 1960

Hon. R. L. Lattimore
Criminal District Attorney
Hidalgo County
Edinburg, Texas

Opinion No. WW-938

Re: Whether, under the pro-
visions of Article 3933,
Vernon's Civil Statutes,
the Sheriff is entitled
to the fees therein pro-
vided where the judgment
creditor bids in property
on which his liens have
been foreclosed, making
his purchase bid by ten-
dering a credit on his
judgment.

Dear Mr. Lattimore:

This will refer to your letter requesting an opinion on the following question:

"Whether the commissions on sales provided the Sheriff under Article 3933, Vernon's Civil Statutes, are a proper element of the costs to be paid by a purchaser at a sale held on an order of sale, where the judgment creditor bids in property on which his liens have been foreclosed, making his purchase bid by tendering a credit on his judgment."

Article 3933, V.A.C.S., provides in part as follows:

"Sheriffs and Constables shall receive the following fees:

". . .

"Collecting money on an execution or an order of sale, when the same is made by a sale, for the first One Hundred Dollars ($100) or less, four per cent (4%); for the second One Hundred Dollars ($100), three per cent (3%); for all sums over Two Hundred Dollars ($200) and not exceeding One Thousand Dollars

($1,000), two per cent (2%); for all sums over One Thousand Dollars ($1,000) and not exceeding Five Thousand Dollars ($5,000), one per cent (1%); for all sums over Five Thousand Dollars ($5,000), one-half (½) of one per cent (1%)."

The determination of the question as to whether the sheriff is entitled to the fees provided in Article 3933, where the judgment creditor bids in property on which his liens have been foreclosed, making his purchase bid by tendering a credit on his judgment, depends upon whether the tendering by the judgment creditor at the sheriff's sale, of a credit on his judgment, comes within the meaning of the words expressed in Article 3933:

". . . collecting money on an execution or an order of sale, when the same is made by a sale."

Generally speaking, "costs are the expenses of a suit or action which may be recovered by law from the losing party." State v. Dyches, 28 Tex 536 (1866). In making a return of execution, or holding a sale under an order of sale, the sheriff is carrying out an order of the Court in a civil case and the sheriff's fees for same are properly assessed as Court costs.

As a general rule, parties to the proceeding may purchase at a sale under execution. This includes the creditor or plaintiff in execution. 10 Ruling Case Law 1308. Further, the rule requiring sales under execution to be for cash is not intended to preclude the right of an execution creditor to apply the amount of his bid as a credit on the judgment. It is a well settled rule that, where the judgment creditor becomes the purchaser at an execution sale, the officer should, at his direction, credit the amount of the bid upon the execution, if the costs are paid in cash. Needham v. Cooney (Civ.App.), 173 S.W. 979, error ref. (1915).

The Supreme Court of Texas in Blum, et al v. Rogers, et al, 71 Tex. 668, 9 S.W. 595 (1888), held that where the judgment creditor at a sheriff's sale under execution, becomes the purchaser, "the officer ought not to exact payment in coin from him when he is clearly entitled to the proceeds of the sale. It would be an idle ceremony if the plaintiff, on buying at a sale for his benefit, should be required to actually hand over to the sheriff, the money to be returned at once. The receipt of the plaintiff acquits the sheriff equally with his bringing into Court the proceeds of the sale with the execution under which they are made." In Baker v. West, et al, 120 Tex. 113, 36 S.W. 2d 695 (1931), where the judgment creditor was the purchaser

Hon. R. L. Lattimore, page 3 (WW-938)

at a sheriff's sale under execution, and credited the amount of the bid at the sheriff's sale on the judgment, the Court held that the judgment creditor "paid value" by crediting the amount of the bid at the sheriff's sale, on the judgment.

A previous Attorney General's opinion, No. 0-6719, dated July 31, 1945, on page 4 stated that in applying the rule laid down in Lee v. Broocks, et al, 131 S.W. 1195 (Civ.App. 1910): "The officer can be allowed a commission only upon money actually collected by him." In that opinion, however, the question was whether under Article 3933 the sheriff is entitled to one-half of the commission or rates set forth therein wherein he collects the amount of the execution and Court costs without making levy upon any specific property. In that opinion the facts showed that an execution had been placed in the hands of the sheriff and that he had actually collected the amount of the execution and Court costs without making levy upon any specific property. The opinion held that the sheriff is entitled to one-half of the commissions allowed by Article 3933 under the provision authorizing such commissions when money is collected without a sale. The question presented covering the facts as set forth in Opinion No. 0-6719, is distinguishable from the instant case and the holding in that opinion does not apply here.

The case of Lee v. Broocks, et al, supra, in which the Court indicated that the officer was only allowed a commission upon money collected by him, is not applicable in this instance because in that case no sale was held by the officer under the order of sale issued upon the judgment therein. Prior to the date set for the sale, the judgment debtor paid to the judgment creditor the amount of the judgment, interest, and costs of suit, and the judgment creditor thereupon directed the order of sale to be returned unexecuted.

According to the facts presented here the judgment creditor procured judgment foreclosing a lien or liens upon certain real estate and there was issued a writ of execution on the Court's foreclosure and order of sale. Notice of sale was duly published and an actual sale was held by the sheriff, and the sheriff executed a deed to the property.

The judgment creditor at the sheriff's sale was the high bidder by virtue of bidding in the property at a certain amount "in money." Because the sheriff did not require the judgment creditor to pay the money to him and then repay the judgment creditor upon his crediting the judgment, in our opinion, does not result in the sheriff not "collecting money on an execution or an order of sale, when the same is made by a sale."

Hon. R. L. Lattimore, page 4 (WW-938)

The law does not require the "idle ceremony" of requiring that the money be collected in cash when the bidder is clearly entitled to the proceeds of the sale.  *Blum, et al v. Rogers, et al*, supra.

It is therefore the opinion of this office that under the facts stated, the sheriff is entitled to the fees prescribed in Article 3933 for "collecting money on an execution or an order of sale, when the same is made by a sale."

## SUMMARY

The fees provided the sheriff under Article 3933, Vernon's Civil Statutes, are a part of the costs to be paid by a purchaser at a sale held on an order of sale, where the judgment creditor bids in property on which his liens have been foreclosed, making his purchase bid by tendering a credit on his judgment.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Ben M. Harrison
Assistant

BMH:dhs

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Houghton Brownlee, Jr.
James Farris
Tom I. McFarling
Elmer McVey

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore