Reversed and Remanded and Opinion
filed September 30, 2010.

In
The

Fourteenth
Court of Appeals



NO. 14-09-00781-CV



Jong Ik Won, Appellant 

v.

Francisco P.
Fernandez, Appellee 



On Appeal from
the 281st District Court

Harris County, Texas

Trial Court
Cause No. 2005-37000



 

OPINION

Appellant Jong Ik Won appeals from the trial court’s
order granting summary judgment that the execution sale at which he purchased
real property owned by appellee Francisco P. Fernandez was void.  We reverse
and remand.

In 2003, a default judgment was rendered against
Fernandez in favor of Pablo Betancourt.  To satisfy the judgment, Betancourt
instituted procedures to have an execution sale of a piece of real property
owned by Fernandez.  A constable conducted the execution sale, and Won bought
the property at the sale and then properly recorded the deed.

Fernandez filed a suit against Won to declare the
execution sale void.  Fernandez asserted many grounds to invalidate the sale
and chose to move for summary judgment on the ground that the sale was void
because Betancourt had not obtained a judgment lien by filing and recording an
abstract of judgment in the county clerk’s records before initiating the
execution.  The trial court granted the motion, and this appeal followed.  In
two interrelated issues, Won argues that the trial court erred in granting
summary judgment because a judgment lien is not necessary for a valid execution
sale.  We agree.

Execution is a method of enforcing a judgment.  See
Tex. R. Civ. P. 621; In re
Andrews, 239 F.3d 708, 711 (5th Cir. 2001).  To initiate an execution, a
judgment creditor must obtain from a court a writ of execution that meets certain
requirements and deliver it to a sheriff or constable.  See Tex. R. Civ. P. 622, 629.  The officer
then levies on the property described in the writ of execution, usually by
taking possession of the property (if personal property) or endorsing the writ
(if real property).  See Tex. R.
Civ. P. 637, 639; In re Andrews, 239 F.3d at 711.  If the officer
then follows all appropriate procedures, such as providing notice to the
property owner, the property may be sold to satisfy the judgment.  See Tex. R. Civ. P. 646a–650; In re
Andrews, 239 F.3d at 711.

Fernandez argues that the execution sale is void because
Betancourt, the judgment creditor, did not file and record an abstract of
judgment to create a judgment lien and without a lien, the officer had no
authority to sell the property.  Fernandez is correct that filing and recording
an abstract of judgment creates a judgment lien as to the judgment debtor’s
real property.  See Tex. Prop.
Code Ann. § 52.001 (West Supp. 2009); Gary E. Patterson & Assocs.,
P.C. v. Holub, 264 S.W.3d 180, 193–94 (Tex. App.—Houston [1st Dist.] 2008,
pet. denied).  It is undisputed that Betancourt did not obtain a judgment
lien.  However, a judgment lien is not a prerequisite to an execution sale to
satisfy a judgment.[1] 
See Tex. R. Civ. P.
621–656 (setting forth execution procedures; judgment lien never referenced); Clint
Indep. Sch. Dist. v. Cash Invs., Inc., 970 S.W.2d 535, 537 (Tex. 1998) (“A
valid judgment, execution, and sale are required to pass title to property at
an execution sale.”).  Fernandez is correct that execution is a proper method
to enforce a judgment lien,[2]
but he cites no authority for his theory that a judgment lien is necessary for
a valid execution sale.  Fernandez insists that an officer has no authority to
sell another’s property without a lien, but the writ of execution gives the officer
authority, and the levy in the execution process creates an execution lien.  See
Tex. R. Civ. P. 629, 637, 639; Tex.
Employers’ Ins. Ass’n v. Engelke, 790 S.W.2d 93, 95 (Tex. App.—Houston [1st
Dist.] 1990, orig. proceeding) (“A valid levy of an execution creates a lien on
the debtor’s property in favor of the judgment creditor.”); James v. Eagle
Rock Ranch, 304 S.W.2d 471, 476 (Tex. Civ. App.—Austin 1957, no writ)
(noting that a creditor may obtain a lien by either levy of execution or
recording an abstract of judgment).  Therefore, a judgment lien is not
necessary to give the officer authority to act.[3]

The execution deed recites that all execution
procedures were followed, and that has not been challenged for purposes of this
appeal.  The execution sale was not invalid because Betancourt did not obtain a
judgment lien, and the trial court erred in granting summary judgment on this
basis.[4] 
We sustain Won’s issues, reverse the trial court’s judgment, and remand for
further proceedings consistent with this opinion.                                                                                 

                                                            /s/                    Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Yates and Boyce.

 









[1]
Because a judgment lien only applies to real property, see Tex. Prop. Code Ann. § 52.001, it would
be impossible to have a judgment lien as a prerequisite for an execution sale
of personal property.





[2]
See, e.g., Baker v. West, 36 S.W.2d 695, 697 (Tex. 1931) (noting
the well-settled law that a judgment lienholder can foreclose on a judgment
lien in an independent suit or through an execution sale).





[3]
A judgment lien and execution lien work together.  If a judgment creditor
obtains a judgment lien and then executes on the judgment, the date of the
execution lien relates back to the date of the judgment lien, thereby giving
the judgment creditor priority over other creditors with claims arising after
the date of the judgment lien.  See Onyx Ref. Co. v. Evans Prod. Corp.,
182 F. Supp. 253, 256 (N.D. Tex. 1959); Hugh
M. Ray & Robin Russell, Tex.
Practice Guide: Creditors Rights §§ 9:47, 10:76 (2009).





[4]
We express no opinion regarding any other grounds that Fernandez may later
assert to attempt to invalidate the execution sale.