## J. H. BAKER ET AL. v. M. Y. McFARLAND.

### No. 6708.

**Fact Case.**—See the opinion for facts proved to establish the identity of a person, which, though not conclusive, were held sufficient to sustain the judgment.

APPEAL from McLennan. Tried below before Hon. Eugene Williams. The opinion contains a statement.

*W. S. Baker* and *Alexander, Winter & Dickinson,* for appellants.

*Felix H. Robertson,* for appellee.

STAYTON, CHIEF JUSTICE.—This suit was prosecuted by the administrator of the estate of John Isbel, deceased, against the unknown heirs of William Dease to enforce specific performance of a contract made between Dease and Isbel in 1838, whereby the latter was to receive 370 acres of the land to be granted under a certificate for one-third of a league issued to Dease. The land in controversy was located and caused to be patented by Isbel under that agreement. The court appointed an attorney to represent the unknown heirs of William Dease, and during the pendency of the suit a number of persons, representing themselves to be the widow and children of William Dease, made themselves parties defendant. John H. and John W. Baker were on the land, but without title, and they were made defendants. The attorney for the unknown heirs of William Dease, as well as the persons who claimed to be his widow and children, asserted right against the Bakers, and all of them set up the defense of stale claim against the plaintiff.

There was a judgment in favor of the plaintiff, and also a judgment in favor of those who claimed to be the widow and children of Dease, through which the entire tract of land was partitioned. From that judgment John W. and John H. Baker alone appeal, and they present but two questions. They contend that the evidence was not sufficient to show that the William Dease to whom the land was granted was the husband and father of the persons who made themselves defendants. The evidence tends to show the existence of three persons whose names were William Dease or Deas,

members of the same family, and the same persons at times spelling the name one way and at other times the other. One of these persons it is clearly shown never came to Texas, but there is evidence tending to show the others did. Of one of them, however, there was no trace, while the other was clearly identified as the husband and father of the persons who made themselves defendants and in whose favor a judgment was rendered for all the land not adjudged to the estate of Isbel.

The evidence tends to show that the William Dease last referred to came to Texas prior to the date of the certificate under which the land was granted; that he subsequently lived in Louisiana, where he died; that he asserted claim to lands in Texas and had papers in reference thereto which were shown to a witness, but he did not know their import.

The court found that this William Dease was the person to whom the land was granted, and we are not prepared to hold that the evidence was not sufficient to sustain the finding. A detailed statement of the evidence would serve no useful purpose, but it was such as is usual on questions of identity, and while not conclusive can not be said to be wholly wanting in probative force.

All persons made defendants urged the defense of stale claim, but as none but the Bakers have appealed it is unnecessary to consider it, for they are not in situation to assert such a defense.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered May 13, 1890.