## O. H. LELAND ET AL. V. PHILIP ECKERT.

### No. 7007.

1. **Identity — Similarity of Name.** — The evidence establishes a similarity of name, *Colin De Bland* and *Colin Bland,* which is ordinarily proof of identity. The names unexplained may mean two different persons, but as in this case, when a satisfactory explanation is made and both names are shown to have been used by the same person, the fact of identity, in absence of evidence to the contrary, is established by the similarity of names.

2. **Tenants in Common in Trespass to Try Title.** — It is not necessary that all the tenants in common join in an action of trespass to try title.

3. **Heirship, Proof of.** — Although proved that Colin Bland and his wife Aurelia at their death left no living children except Marcus Bland, it appearing that they had had other children, complete proof by collateral kin of heirship should have shown that such other children left no descendants.

APPEAL from Mason. Tried below before Hon. J. T. Estell, Special District Judge.

The opinion states the case.

*Rudolph Runge* and *M. Fulton,* for appellants.—1. The court erred in the finding of fact that Marcus Bland was not the only child of Colin De Bland and his wife Aurelia, and wherein the court finds that plaintiffs had not shown that they had title to the property of Colin De Bland and his wife Aurelia; in this, that the proof shows (1) that Marcus

Bland was the son and only child of Colin De Bland and his wife Aurelia; (2) because the evidence shows that the plaintiffs are the only heirs of Colin De Bland and his wife Aurelia, and of their son and only child Marcus Bland. And the court erred in its conclusions of law that plaintiffs failed to show that they were the legal and only heirs of Colin De Bland, or that they acquired title to the land sued for from the legal and only heirs of Colin De Bland, and are not entitled to recover the land in controversy; in this, that the plaintiffs did show that they are the only heirs of Colin De Bland and his wife Aurelia, and of their son Marcus Bland, and are the legal owners of the land in controversy, and the court should have so found.    Chamblee v. Tarbox, 27 Texas, 139; Gitt v. Watson, 18 Md., 274; Bogue v. Bigelow, 29 Vt., 179; Jackson v. King, 5 Cow., 237; Balbeck v. Donaldson, 2 Grant, 459.

2.  Appellants or either one of them having shown ownership of the land by reason of heirship to Colin Bland or to Aurelia Bland, his wife, or to Marcus Bland, their son, and appellee's title resting on the statute of limitations of five years, appellee can not defeat a recovery of the land by appellants or some of them unless he shows occupancy of the land under a deed duly registered for five years next before the commencement of the suit.    Pricher v. Kirk, 55 Texas, 208; Gilford v. Love, 49 Texas, 715; Ney v. Mumme, 66 Texas, 268.

As to registration of deed:  Rev. Stats., art. 3193; Porter v. Chronister, 58 Texas, 53; Medlin v. Wilkins, 60 Texas, 409; Jones v. Powers, 65 Texas, 207.

As to peaceable possession:  Kimbro v. Hamilton, 28 Texas, 560.

As to adverse possession:  Richards v. Smith, 67 Texas, 610; Parker v. Bains, 65 Texas, 605; Bracken v. Jones, 63 Texas, 184; Sellman v. Hardin, 58 Texas, 86; Murphy v. Welder, 58 Texas, 235.

*David H. Hewlett,* for appellee.—The proof does not disclose clearly (1) that Marcus Bland was the son of Colin De Bland; (2) that Colin De Bland, the reputed father of Marcus Bland, and Colin Bland were identical and the same person; (3) that Colin De Bland was dead; (4) that Marcus Bland was the sole surviving descendant of Colin De Bland and his wife Aurelia De Bland at the date of his death; (5) that Aurelia De Bland, the wife of Colin De Bland, was never married after the death of Colin, or never left surviving her any descendant or descendants other than Marcus.

FISHER, JUDGE, *Section B.*—This is a suit in the ordinary form of trespass to try title, instituted by appellants September 3, 1883, against appellee to recover survey No. 14 in the name of Colin De Bland, patented August 26, 1846, containing eight and one-third labors of land situated in Mason County.    All of the appellants except Leland assert title to the land as the heirs of Marcus Bland, deceased.    Leland holds

by conveyance from his coappellants a title to one-half of the land. At the October term, 1888, the case was tried before a special judge without a jury. The court rendered judgment against appellants for costs, and that they take nothing by their suit. The court in its conclusions of law and facts finds that "Colin De Bland is dead, and that he was the owner in fee simple of the land sued for; that Marcus Bland is dead, and that he was not a son and only child of Colin De Bland and his wife Aurelia. It is not shown by the plaintiffs that they had any title to the property of Colin De Bland and his wife Aurelia or either of them; that after the death of Colin De Bland the legal title to the land vested in his heirs."

Appellants have presented six assignments of error. The first questions the rulings of the court in excluding the evidence of witness Harris by deposition tending to prove the insanity of Marcus Bland. The second assigns as error the ruling of the court in overruling appellants' application for continuance for the want of the testimony of witness Harris; and the third is based upon the ruling of the court over appellants' objection permitting defendant to be asked, when a witness in his behalf, "if he had actual possession of the land in controversy since 1876," and in permitting his answer thereto. The fourth, fifth, and sixth assignments of error assert in substance that the court erred in its findings of law and fact and in not rendering judgment in plaintiffs' favor, for the reason that they are the owners of the land sued for and are the only heirs of Colin De Bland and wife and of Marcus Bland, and that Marcus Bland was the only child of Colin De Bland and wife Aurelia.

The view that we take of this case renders it not necessary to pass upon the questions presented by the first, second, and third assignments of error, and will confine our consideration to the questions raised in the fourth, fifth, and sixth assignments.

Plaintiffs introduced in evidence on the trial of the case the patents to the land sued for, dated August 22, 1846, granted to Colin Bland, and the deposition of John R. Bland to the effect that Colin Bland was his brother and died in Galveston, Texas, in 1853 or 1854, and is considered dead by all of his relatives. His nearest relatives living are Peter R. Bland (his brother), Wm. H. S. Bland (his brother), John R. Bland (his brother), Julia Bland, Richard Lee Bland, and Edward Parke Bland, the widow and sons of Edward Parke Bland, deceased, a brother of Colin Bland. Colin Bland was in the habit of signing his name Colin De Bland, and after he went to Texas his relatives received letters from him so signed. Colin Bland's father and mother are dead. He has no child or children living. His wife was Aurelia Stafford. Witness Harris, by deposition, says he was acquainted with Colin Bland as early as 1838, in Brazoria County, Texas. He was then known as Colin De Bland. They practiced law in the same courts, and he became well

acquainted with him.   He at that time went under the name of Colin
De Bland for several years.   Bland left Texas and returned with a
wife, when it was publicly known he had dropped the "De" from his
name and subsequently went under the name of Colin Bland.   Witness
has not seen him for years; understands he is dead.   Mrs. Kerby, by
deposition, states that she is acquainted with the relatives of Marcus
Bland.   They are Mrs. Helen C. Thayer, sister of his mother (she mar-
ried Simon Thayer in 1846); Mrs. M. A. G. Wheaton, another sister
of Mrs. Bland; witness is a sister of Mrs. Bland, mother of Marcus
Bland; the four children of Mrs. John Eley, who was a sister of Mar-
cus Bland's mother.   The maiden name of witness and her sisters and
Mrs. Bland was Stafford.   Mrs. Bland was Aurelia Stafford before her
marriage.   She died in New York City, October 8, 1871.   She left no
children besides Marcus Bland, who died in Kings County (New York)
Insane Asylum, October 22, 1877.   Marcus Bland left no father, mother,
brothers, sisters, or children.   Plaintiff Leland introduced a convey-
ance executed by his coplaintiffs to him conveying one undivided half
interest in the land.   Appellee introduced no evidence except under
his plea of limitation, which is insufficient to support the plea, and is
so admitted by appellee in his brief.

The conclusion is inevitable from the uncontradicted evidence in the
record that Colin Bland and Colin De Bland were one and the same
person.   The evidence establishes a similarity of name which is ordinarily
proof of identity.   The names Colin Bland and Colin De Bland unex-
plained may mean two different persons, but, as in this case, when a
satisfactory explanation is made and both names are shown to be used
by the same person the fact of identity in absence of evidence to the con-
trary is established by the similarity of names.   Chamblee v. Tarbox,
27 Texas, 144; Baker v. McFarland, 77 Texas, 294; Bogue v. Bigelow,
29 Vt., 180; Jackson v. King, 5 Cowen, 237; Railway v. Stealey, 66
Texas, 470.   Marcus Bland is shown to be the son and only child of
Colin Bland (or De Bland) and wife Aurelia.   He died after his parents,
leaving no wife or children, brothers or sisters, surviving him.   The
evidence shows that at the time the witnesses testified in this case the
grandparents of Marcus Bland were dead.   Mrs. Kerby, after naming
cousins and aunts of Marcus Bland, says that she does not know of any
other heirs of Marcus Bland, and if others existed she would know it,
which is probably true, as she was the sister of Mrs. Aurelia Bland,
and if her parents were alive she would have so stated, as she is par-
ticular in naming the heirs and nearest kin of Marcus Bland.   John
R. Bland testifies that the grandparents of Marcus Bland upon the
paternal side are dead.   The evidence does not inform us when the
grandparents of Marcus died, whether before or after his death.   If
they all died before his death, under the evidence appellants are among
his nearest kin and upon them descent was cast.   If Marcus Bland died

before his grandparents, and all were living, they inherited his estate in equal portions. If any were dead at the time, their portion descended to their nearest descendants, if any. The grandparents of Marcus upon his paternal and maternal side are proved to be dead. Upon their death these appellants, being their children, are next in line of descent and would inherit. For the purposes of this suit it is obviously immaterial whether the grandparents of Marcus Bland died before or after he did, for in any event, as the inheritance now stands, these appellants upon the proof of death of Marcus and his grandparents are next in the line of descent. Pasch. Dig., art. 3419; Sayles' Civ. Stats., art. 1645. The evidence discloses the existence of heirs of Marcus Bland, to-wit, his cousins, children of his deceased aunt Mrs. Ely, and a child of his deceased uncle Edward Parke Bland. Mrs. Wheaton, an aunt of Marcus Bland, is also not a party to the suit. This action being trespass to try title, wherein appellants seek a recovery of the premises and possession from appellee, may be maintained without a joinder of all the common owners. They being cotenants, it is not necessary that all should join in an action of this character. Ney v. Mumme, 66 Texas, 269; Sowers v. Peterson, 59 Texas, 216. The inference to be drawn from the evidence disclosed by the record is that Colin Bland and wife left no children as their descendants other than Marcus Bland; but the evidence does not exclude the possibility that such children may have existed and left descendants that now exist. The evidence upon this point should be more certain, and we apprehend the usual methods will be resorted to before another trial to procure additional evidence if obtainable. The evidence establishes that if Colin Bland and wife left children they died before Marcus, but the evidence does not with certainty establish that if Colin Bland and wife had other children besides Marcus that such children did not leave descendants upon whom the law would cast descent in preference to appellants.

We report the case for reversal.

*Reversed and remanded.*

Adopted May 26, 1891.