## A. M. FRENCH ET AL. v. W. A. McGINNIS ET AL.

### No. 92.

1. **Collateral Heirs — Evidence of Title.** — In action of trespass to try title by collateral heirs, the burden of proof lies upon the plaintiffs to show not only their relationship to the intestate, but also a reasonable probability that at the time of his death no one else was so related to him as would preclude them from inheriting the property in question according to the laws of this State.

2. **Same.**—It was reversible error to refuse a charge in such action, that it devolved upon the plaintiffs to produce some evidence that the deceased left neither wife nor child surviving.

3. **Charge Upon Weight of Evidence.**—See charge held erroneous, as upon the weight of the testimony, and assuming that the deceased left neither wife nor child.

APPEAL from McMullen. Tried below before Hon. D. P. MARR.

*McCambells & Welch,* for appellants.—The court erred in charging the jury, in the second paragraph of his charge, substantially, that if the plaintiffs were the brothers and sisters, as alleged, of Joseph McGinnis, they could recover the land as heirs of said Joseph McGinnis, unless affected by the statutes of limitation; and the court erred in refusing the charge asked by defendants, that " the plaintiffs sue as the heirs of Joseph

McGinnis, and unless you are satisfied from the evidence that Joseph Mc-Ginnis is dead, that he died intestate, and left neither wife nor children, you will find for defendants.'' Same was offered, and was pertinent to one of the issues herein; as the plaintiffs had alleged the intestacy of Joseph McGinnis, and that they were sole heirs, and had adduced no evidence of said allegations. Bigham v. McDowell, 69 Texas, 100; Lee v. Yandell, 69 Texas, 34; Crozier v. Kirker, 4 Texas, 252; Railway v. Kuehn, 70 Texas, 583; Biering v. Bank, 69 Texas, 600; Steagall v. McKellar, 20 Texas, 268; Cummings v. Denton, 1 Posey's U. C., 181; Edwards v. Barwise, 69 Texas, 84; Railway v. Whitaker, 68 Texas, 630; Pratt v. Jones, 64 Texas, 694; Brandon v. McNelly, 43 Texas, 76; Roche v. Lovell, 74 Texas, 193.

*T. S. Archer*, for appellees.

KEY, ASSOCIATE JUSTICE.—Appellees brought this suit to recover 1476 acres of land, situated in McMullen County, and patented to Joseph McGinnis. The petition alleges, that appellees W. A. McGinnis and Mary Hoy are brother and sister of Joseph McGinnis, and that Mary C. McGinnis is the widow and sole heir of T. J. McGinnis, deceased, who was a brother of said Joseph McGinnis, who is also alleged to be dead.

It is further alleged, that Joseph McGinnis was never married, and died intestate, and that appellees are his only heirs.

By the testimony of W. A. McGinnis and Mary Hoy, appellees proved their relationship to Joseph McGinnis as alleged. These witnesses also testified, that Joseph McGinnis left Ohio in 1834 to go to New Orleans, Louisiana; that afterwards, and as late as October, 1848, letters were received from him by his relatives in Ohio, showing that he was in Texas, and stating that he was entitled to land from the government for his services in the army of Texas. The last letter from him, and the last information that his Ohio relatives had in regard to him, was in 1851, showing that he was then in the State of California. They also testified that his father and mother were both dead.

No witness appears to have been asked if Joseph McGinnis was married or single; whether or not he married before he left Ohio; whether or not the witnesses had ever heard of his marriage after he left Ohio; and there is no satisfactory testimony in the record upon this subject.

The court instructed the jury as follows: '' If the plaintiffs have satisfied you, gentlemen, by the evidence adduced, that they are the brothers and sisters, as alleged, of the very Joseph McGinnis to whom the land in controversy was granted by the patent in evidence before the jury, and that said Joseph McGinnis was dead at or before the institution of this suit, or that said McGinnis had absented himself beyond the sea or elsewhere for seven successive years, and if the evidence does not show that

he was alive within that time, then you will find your verdict for the plaintiffs, unless you believe from the evidence before you and the law as I shall charge it, that the defendants are entitled to the land in dispute under the statute of limitation of five years.''

This charge is complained of, because it assumed that Joseph McGinnis, if dead, left neither wife nor children surviving him.

This objection to the charge is well taken. Appellees being plaintiffs in the court below, the burden rested upon them to show, not only their relationship to Joseph McGinnis, but also a reasonable probability that at the time of his death no one else was so related to him as would preclude them from inheriting the property in question according to the law of this State. 2 Greenl. on Ev., sec. 354; Leland v. Eckert, 81 Texas, 226.

If in any case the burden rests upon a person claiming by inheritance to show that the deceased died intestate, the rule ought not to apply to a case like this, where the time and place of death are not known, and death is inferred from long unexpected absence.

We do not hold that it was necessary for appellees to prove affirmatively and positively that Joseph McGinnis left neither wife nor child surviving him. They should have proved, however, if such be the case, that Joseph McGinnis had never married up to the time that he left Ohio, and that the witnesses had never heard of his marriage after that time. With such testimony as was introduced, and as is here indicated, we are not prepared to say, under a charge properly submitting the issue, that a jury would not be warranted in finding that appellees are in fact the only heirs of Joseph McGinnis.

The assignments of error complaining of other portions of the charge and of the court's ruling on the admissibility of testimony are not tenable.

For the error pointed out, the judgment is reversed and cause remanded.

*Reversed and remanded.*

Delivered March 29, 1893.