**HARRIS REALTY CO. v. AUSTIN.**
No. 10638.

Court of Civil Appeals of Texas. Galveston.
June 2, 1938.

Rehearing Denied June 23, 1938.

Geo. W. Graham, of Houston, for plaintiff in error.

L. A. Kucera, of Houston, for defendant in error.

CODY, Justice.

Plaintiff in error brought suit in trespass to try title in the District Court of Harris County against D. H. Austin, defendant in error, for title to, and possession of, a certain lot in Houston. Defendant in error answered by general denial and the plea of not guilty; and by a cross-action sought to recover title to and possession of the same lot from plaintiff in error; to this cross-action plaintiff in error, by its original supplemental petition, plead a general denial, and not guilty. The case was tried without a jury, and resulted in a judgment for defendant in error on his cross-action. The Court filed conclusions of fact and law in response to plaintiff in error's request.

One Albert J. Schuetze is the common source; he acquired the lot involved in January, 1926.

In December, 1928, a Dr. Thoma recovered judgment against Schuetze in the County Court at Law. This judgment was duly abstracted, recorded, and indexed, March 4, 1929, in the judgment records of Harris County. On April 26, 1934, Dr. Thoma had an alias execution levied on the lot here involved, which was sold thereunder at public auction on June 5, 1934, to defendant in error; and the sheriff's deed to defendant in error was immediately filed for record.

On May 5, 1934, Fain-Townsend Company filed a suit for foreclosure of a paving lien on the lot here involved against Schuetze, the common source, and his wife, in the District Court of Harris County; and on May 9, 1934, it duly filed a lis pendens. Neither Dr. Thoma, plaintiff in judgment in the county court case, nor defendant in error, purchaser at the sheriff's sale aforesaid, were made a party to this district court suit; nor did either of them intervene in such suit. On June 14, 1935, judgment for foreclosure was rendered against Schuetze and wife, in favor of Fain-Townsend Company, and thereafter an order of sale was issued, and the lot was regularly sold at judicial sale to the City Realty Company of Dallas, on December 3, 1935. On October 2, 1936, the last mentioned corporation duly conveyed the lot to plaintiff in error.

Neither the plaintiff in error nor the defendant in error has ever been in actual possession of the lot.

On the trial of this case, when plaintiff in error offered in evidence the judgment of foreclosure obtained by the Fain-Townsend Company, which, according to its recitals purported to foreclose a paving lien, defendant in error objected to its admis-

sion on the ground that such judgment was not binding on him, as neither he, nor Dr. Thoma, was a party to the suit in which such judgment obtained; and, so with respect to the execution and order of sale, and with respect to the lis pendens notice, and with respect to the sheriff's deed to the City Realty Company of Dallas, and with respect to its deed to plaintiff in error. The Court, however, received such instruments in evidence, subject to the objection.

The discussion of the law of this case need not detain us long. In rendering judgment for defendant in error, the court concluded that neither he nor his predecessor in interest, Dr. Thoma, were purchasers from Schuetze (the common source), pendente lite; and that therefore the recitals in the Fain-Townsend Company judgment, which, if true, established the existence of a paving lien on the lot involved as of May 17, 1929, were not binding on, nor admissible against, defendant in error. This ruling was correct. Baker v. West, 120 Tex. 113, 36 S.W.2d 695. From and after the date that Dr. Thoma's judgment lien was perfected against the lot, which, as is above indicated, was on March 4, 1929, Schuetze's interest in the lot—considered from a practical viewpoint —consisted of the right to pay off and discharge the judgment lien. What we are trying to emphasize is the fact that, from and after the perfection of his judgment lien, Dr. Thoma had a substantial interest in the lot, and in order to subject such interest to a foreclosure of the paving lien, it was necessary to make Dr. Thoma or his successor in interest a party to the suit brought to foreclose such paving lien. As that interest was not represented in such suit, it remained unaffected by the judgment foreclosing the paving lien. Baker v. West, supra. Therefore, as the only evidence offered in the case at bar tending to establish the existence of a paving lien against the lot consisted of recitals contained in the judgment of foreclosure, and contained in the instruments based on such judgment, and as these recitals, at the objection of defendant in error when the instruments were offered in evidence, were correctly excluded, there is no competent evidence in the record before us that any paving lien ever existed against the lot, or was foreclosed, or that plaintiff in error's predecessor bought in the property at the sale foreclosing a paving lien. In this state of the record the court cor-

rectly rendered judgment for defendant in error.

We have carefully refrained from discussing the interesting questions suggested by, but not raised in, the record before us. What has been said disposes of plaintiff in error's assignments.

Judgment of the trial court affirmed.

PLEASANTS, C. J., absent.

## On Motion for Rehearing.

CODY, Justice.

We overrule plaintiff in error's motion for a rehearing. But consideration of it has forced us to conclude that the meaning of our original opinion cannot be clear.

In undertaking to establish the superior title to and right to possession of the lot in question, plaintiff in error, as appears from our original opinion, offered in evidence the judgment of foreclosure obtained by Fain-Townsend Company against Schuetze and wife; and also offered in evidence the execution and order of sale issued thereunder, etc., including a lis pendens notice. The admission of these instruments in evidence was objected to by defendant in error, on the ground that they were not binding on him, as neither he nor his predecessor in interest were parties to the suit wherein the judgment was obtained. These instruments were received in evidence, but received subject to such objection only. We assume that in the Fain-Townsend Company suit against Schuetze and wife, the Fain-Townsend Company made such proof of the establishment of a paving lien as entitled it to a judgment of foreclosure. But neither defendant in error nor Dr. Thoma, his predecessor in interest, was a party to that suit. His objection, therefore, that such judgment was not binding on him was good. Plaintiff in error did not ask leave to amend its pleading to set up the levy and fixing of the paving lien as against the defendant in error, and ask for a foreclosure. On the contrary, it chose to proceed just as though defendant in error, or his predecessor in interest, had been a party to the Fain-Townsend Company suit aforesaid, and just as though defendant in error thereby became bound by the proof made, and judgment obtained, in the Fain-Townsend Company suit. With the record in this condition at the close of the case,

and it appearing that plaintiff in error was not in actual possession of the lot, the learned trial judge had no alternative but to find that there was no competent evidence before him in the case that would support a judgment to the effect that plaintiff in error had a better title to, or the better right to possession of, the lot. As the judgment of foreclosure, etc., in the Fain-Townsend Company suit was not competent evidence against defendant in error, and was not received as such, the trial court had to treat such evidence as non-existent. And his conclusions of fact and law clearly indicate that he did so.

Motion for rehearing refused.

PLEASANTS, C. J., absent.