HARRIS REALTY COMPANY V. D. H. AUSTIN.

No. 7473. Decided March 6, 1940.
(137 S. W., 2d Series, 19.)

*George W. Graham,* of Houston, for plaintiff in error.

*L. A. Kucera,* of Houston, for defendant in error.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is an action of trespass to try title instituted by the plaintiff in error, Harris Realty Company, a corporation, against the defendant in error, D. H. Austin, to recover a certain vacant lot in the City of West University Place in Harris County. In his answer to the suit, Austin pleaded not guilty and also set up a cross action for the recovery of the lot. The case was tried before the court without a jury. The trial resulted in judgment in favor of Austin. The Realty Company appealed and the Court of Civil Appeals affirmed the judgment of the trial court. 118 S. W. (2d) 491. The Realty Company has been granted the writ of error. The facts are undisputed. They are substantially as follows:

The parties claim title to the lot from a common source, Albert J. Schuetze being the common source. Schuetze acquired the lot in January, 1926. On December 20, 1928, one Dr. Earl W. Thoma recovered in the county court at law of Harris County a money judgment against Schuetze. Execution was issued under this judgment on January 24, 1929, and was returned nulla bona by the sheriff. On March 4, 1929, an abstract of said judgment was duly recorded in the office of the County Clerk of Harris County as provided by law, thus fixing a judgment lien on the lot. On April 26, 1934, an alias execution was issued under said judgment and said writ was, on the same day, levied on the lot by the sheriff, and that officer duly proceeded to advertise the sale of said lot. The sale was duly made on June 5, 1934. D. H. Austin became the purchaser of the lot at the sale, and the sheriff duly executed to him a deed to the lot. This deed was duly recorded June 11, 1934. In the meantime, Fain-Townsend Company, a corporation, filed suit in the District Court of Harris County against Schuetze. This suit, which we shall call the paving lien suit, was filed on May 5, 1934. In the suit, Fain-Townsend Company, the plaintiff therein, sought recovery on an alleged paving certificate and for the foreclosure of an alleged paving lien on the lot. In respect to said suit, there was duly filed in the office of the County Clerk of Harris County, on May 9, 1934, a lis pendens notice in accordance with Article 6640 of the Revised Statutes. On June 14, 1935, judgment was rendered in said suit in favor

of Fain-Townsend Company for the amount of the paving certificate and foreclosing the alleged paving lien on the lot. Among other recitals contained in said judgment are these: (1) "That under date of May 17, 1929, the City Commission of said city passed an ordinance by the terms of which said sum of money was assessed against said property and said owner, and by which a statutory lien was fixed upon said property to secure the payment of said assessment, and by which said lien was made superior to all other liens, except for ad valorem taxes;" and (2) "That plaintiff is the legal owner and holder of said paving obligation." Order of sale was duly issued as directed in said judgment, and, on December 3, 1935, the lot was sold under the order of sale. The City Realty Company, a corporation, was the purchaser at the sale, and the sheriff duly executed to said company a deed to the lot. On October 10, 1936, the City Realty Company executed to the Harris Realty Company a deed to the lot. The foregoing is the substance of all the evidence introduced at the trial.

**1, 2** It is contended by counsel for Harris Realty Company that because the lis pendens notice of the paving lien suit was duly on file at the time Austin purchased the lot at the sheriff's sale on June 5, 1934, the judgment which was subsequently rendered in the paving lien suit concluded him. This contention is untenable. With reference to lis pendens notices prescribed in the same chapter of the revised statutes, Article 6643 provides that the filing of such lis pendens notices "shall be notice to all the world of their contents and that the suit or suits mentioned therein are pending, and such notices shall operate as soon as filed with the county clerk for record, as provided in this chapter, whether service has been had on the parties to said suit or not." It is seen from this statute that the filing of the lis pendens notice operates merely as notice to everybody of the pendency of the suit. It does not have effect to expand in the slightest degree the general rule, pertaining to the doctrine of res adjudicata, which is to the effect that the judgment in the suit concludes nobody but the parties to the suit and those whose succession to the rights of property therein adjudicated are derived through or under one or the other of the parties to the suit, and which accrued subsequent to the commencement of the suit. See Balcom v. Cain, 130 Texas 497, 109 S. W. (2d) 1044. The rights of a lienholder, whose lien arose prior to the commencement of such suit, are not affected by the adjudications made in the suit unless he be made a party to the suit. This holds true regardless of the fact that such lienholder has notice of the pendency of the suit.

McDonald v. Miller, 90 Texas 309, 39 S. W. 89. In the present instance, the paving lien suit was commenced on May 5, 1934. At that time, Dr. Thoma held a valid and subsisting judgment lien on the lot, which had been duly fixed as against Schuetze, the defendant in the paving lien suit, on March 4, 1929. That lien was in process of foreclosure under the alias execution which had been levied on the lot on April 26, 1934. The commencement and pendency of the paving lien suit did not affect in any way the right of Dr. Thoma to proceed to foreclosure of his judgment lien by means of sale under the alias execution. Austin becoming the purchaser at such sale, acquired, under the sheriff's deed, the title to the lot as of date March 4, 1929, when the judgment lien was fixed on the lot. Austin took title to the lot, of course, subject to any outstanding superior lien of which he had notice. His title, however, was not divested by the judgment which was afterwards rendered in the paving lien suit, for the reason that neither he nor Dr. Thoma was a party to that suit. Baker v. West, 120 Texas 113, 36 S. W. (2d) 695; 26 Tex. Jur. p. 243.

Specifically, our conclusion is that, as against Austin, who holds the title to the lot, under the sheriff's deed of June 5, 1934, the recitals and decretals of the paving lien judgment do not, of themselves, have effect to show that the plaintiff in the paving lien suit held any sort of lien on the lot, let alone a lien which was superior to the judgment lien held by Dr. Thoma. Nor as against Austin, do such recitals and decretals, of themselves, have effect to show that the purchaser at the foreclosure sale under that judgment acquired title to the lot which is superior to that held by Austin.

The judgment of the trial court and that of the Court of Civil Appeals both are affirmed.

Opinion adopted by the Supreme Court March 6, 1940.