**H. H. FARHART, Appellant,**

v.

**George Gordon BLACKSHEAR et al., Appellees.**

**No. 15354.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Nov. 7, 1968.

Rehearing Denied Dec. 5, 1968.

**396**

George W. Eddy, Houston, for appellant.

Fred C. Brigman, Jr., Houston, for appellees First National Bank in Dallas and Kathleen McCall Martin.

Gordon A. Dotson, Houston, for appellees Willis Blackshear and others.

Harold R. Allison, Houston, for appellee Howard Blackshear.

M. Leon Kalvort, Houston, for appellees Gracie Smith Brown and Catherine Boniaby; Brigman, Martin & Smith, Dotson & McFarland, Houston, of counsel.

COLEMAN, Justice.

This is a suit in trespass to try title. The trial was to a jury and at the conclusion of the evidence both appellant and appellees filed motions for judgment. The trial court overruled appellant's motion and granted appellees' motion. Thereafter a take nothing judgment was entered against appellant.

On December 4, 1959, John D. McCall and Kathleen McCall Martin, joined pro forma by her husband Hobson Martin, filed suit in trespass to try title to recover title to and possession of 153 acres, more or less, situated in the Joseph Miller Survey, Abstract No. 50 in Harris County, Texas, against George Gordon Blackshear and others and against Grogan Lumber Company for damages suffered by reason of the wrongful cutting and removal of timber from the described land. The defendants, other than Grogan Lumber Company, answered, and Marye McDonald Foss, joined pro forma by her husband, intervened in the suit claiming to be the owner of said land, and prayed that others, including W. L. Pickens, be made parties to the suit. John D. McCall died before trial, and First National Bank in Dallas, as Executor and Trustee of his estate, was substituted as a plaintiff. H. H. Farhart acquired the title of Marye McDonald Foss, pendente lite, by deed dated July 23, 1965.

Prior to the trial an agreed interlocutory judgment was entered whereby W. L.

Pickens recovered the minerals in, on and under the subject property. Also prior to the trial the McCall plaintiffs and the Blackshear heirs, defendants, settled their dispute by entering an agreed interlocutory judgment dividing the surface between them. At the trial, therefore, the intervenor, H. H. Farhart, assumed the position of plaintiff and the McCalls and Blackshears became the defendants.

It was stipulated that Joseph and Mary Blackshear were the common source of title. During the year 1932 and the first few days of January, 1933, George Gordon Blackshear, also known as George Gordon, acquired the interest of some of the Blackshear heirs. On January 4, 1933, he conveyed the land to J. H. Ratcliff. J. H. Ratcliff acquired the interest of other Blackshear heirs in January, 1933. On January 10, 1933, J. H. Ratcliff borrowed a sum of money from the Estate of Joe De Hart, a minor, and to secure the loan executed a deed of trust conveying the land to Kenneth H. Aynesworth, Jr., Trustee, dated January 10, 1933, and filed for record on January 28, 1933. On March 3, 1933, J. H. Ratcliff conveyed the land, subject to the note and deed of trust, to S. Bloom. On June 4, 1934, J. H. Ratcliff again conveyed the land to Marye McDonald. On November 3, 1957, Marye McDonald acquired by quitclaim deed the interest in the land which may have been owned by the heirs of Sam Bloom, who died in 1935, and of his wife, Estella Bloom, who died in 1944. As previously recited, the Marye McDonald claim was acquired by H. H. Farhart in 1965.

In September, 1934, Kenneth H. Aynesworth, Jr., by trustee's deed dated September 4, 1934, conveyed the land to Mrs. Nettie Reed, Guardian of Joe De Hart. Appellant offered into evidence certain proceedings in Cause No. 229,507, styled Joe De Hart vs. J. R. Ratcliff et al, in the 80th Judicial District Court of Harris County, Texas. These instruments are found in appellant's Bill of Exceptions and reflect that on July 18, 1936, Joe De Hart filed a suit in trespass to try title alleging ownership of the land in question naming as defendants the Blackshear heirs, J. H. Ratcliff, S. Bloom, Marye McDonald and her husband. In the alternative he alleged the execution of the note to Nettie Reed, Guardian, by J. H. Ratcliff and his wife, and of the deed of trust securing same to Kenneth H. Aynesworth, Jr., Trustee, default in payment of taxes and interest, acceleration of the maturity of the note by reason thereof, request by Nettie Reed to the trustee that the property be sold under the terms of the deed of trust, a sale by the trustee in full compliance with the terms of the deed of trust and the law, purchase by Nettie Reed, Guardian, and conveyance of the property to Nettie Reed, Guardian by the trustee. He alleged that he was the legal and equitable owner of the property and of the note, on which a balance of $850.00 remained due, together with additional interest and attorney's fees, and prayed judgment for title to and possession of the property and damages for rents during the period possession had been withheld, as well as judgment for the balance due on said note after application of the amount bid at the trustee's sale, and, in the alternative, judgment on the note, plus interest and attorney's fees and foreclosure of his liens on the land. He also alleged title by reason of adverse possession by himself and his predecessors in title.

J. H. Ratcliff and a number of the Blackshear heirs, including George Gordon, were served personally. George Gordon and several of the other Blackshear heirs filed answers. It appears that J. H. Ratcliff did not file an answer, and that neither Sam Bloom nor Marye McDonald were served with citation. On the 28th day of October, 1941, there was entered in this case an "Order of Dismissal" reading (formal parts omitted):

"On this the  28  day of October, 1941, at the request of plaintiff, Joe De Hart, the above entitled and numbered cause is hereby in all things dis-

missed, with prejudice, all costs to be assessed against the defendants, and it further appearing to the Court that all costs herein have been paid by the defendants, it is further Ordered that no execution shall issue therefor."

/s/ Roy H. Campbell
Judge

On September 23, 1935, the final account of Nettie Reed, Guardian, was approved, and she was discharged as guardian.

Joe De Hart then conveyed the property to W. Noble Carl on June 10, 1938, who, in turn, conveyed to Houston Title Guaranty Company on January 16, 1939. The Title Company conveyed the property to S. A. McCall, Trustee, on October 23, 1941.

Certain affidavits of heirship and affidavits relating to the issue of adverse possession were admitted into evidence as ancient instruments. There was testimony that the Blackshear heirs, or some of them, remained in possession of the property in person and through tenants to the date this suit was filed.

■ The plaintiff in an action of trespass to try title must recover on the strength of his own title, and may not rely on the failure of the defendant to prove a perfect chain of title from the agreed common source into the defendant.

Appellant, occupying the position of the plaintiff in this action, had the burden of proving a good title into himself. J. H. Ratcliff conveyed both to Sam Bloom and to Marye McDonald, and appellant had to show that title derived from one or both of these conveyances was superior to the title of the McCalls derived from the deed of trust from Ratcliff to Kenneth H. Aynesworth, Jr., Trustee. The deed of trust was prior in time to both of the other conveyances and was recorded in Harris County prior to the execution of either of these deeds. Appellant attempted to meet this burden by introducing the proceedings in Cause No. 229,507 previously described, and asserts that the trial court erred in refusing to admit these proceedings into evidence.

It is appellant's position that the judgment of dismissal with prejudice entered in that cause was a judgment adverse to Joe De Hart as to all issues raised in, or that could have been raised in, that suit. He contends that this judgment constitutes an adjudication that the trustee's deed to Nettie Reed, Guardian, is invalid, and, further, that Joe De Hart had no title to the property involved, the same property that is the subject matter of this suit. He asserts that the deed from Joe De Hart to W. Noble Carl, having been executed pendente lite, and after a proper lis pendens notice was filed, conveyed nothing. To reach these conclusions appellant relies on the doctrine of res adjudicata.

■ As we previously noted neither Sam Bloom nor Marye McDonald was shown to have been served with citation in Cause No. 229,507. Conceding that appellant is correct as to the effect of a judgment dismissing a cause with prejudice, such judgment is res adjudicata as to the issues of fact or questions of law raised in, or which properly could have been raised in, the suit, and cannot be relitigated in a subsequent suit between the same parties or those in privity with them. The doctrine of res adjudicata may not be invoked by one who is not bound by the judgment in the earlier proceeding. Swilley v. McCain, 374 S.W.2d 871 (Tex. 1964).

In Kirby Lumber Corporation v. Southern Lumber Co., 145 Tex. 151, 196 S.W.2d 387 (1946), the Supreme Court said:

"It appears to be a recognized principle of law that where, in a former suit, an essential issue of fact has been determined and adjudicated, the judgment therein will estop the parties from

relitigating the same issue in a subsequent suit between the same parties, even though the subsequent suit is upon a different cause of action. Houston Terminal Land Co. v. Westergreen, 119 Tex. 204, 27 S.W.2d 526; Stephenson v. Miller-Link Lumber Co., Tex.Com. App., 277 S.W. 1039; Hanrick v. Gurley, 93 Tex. 458, 54 S.W. 347, 55 S.W. 119, 56 S.W. 330. It is also true that the protection of such a decision as well as its restrictions extend not only to the immediate parties to the suit but also to those who stand in privity with them. 'Privity, in this connection, means the mutual or successive relationship to the same rights of property; that is to say, all persons are privy to a judgment whose succession to the rights of property therein adjudicated are derived through or under one or the other of the parties to the action, and which accrued subsequent to the commencement of the action.' Cain v. Balcom, 130 Tex. 497, 109 S.W.2d 1044, 1046; 34 C.J. 973, sec. 1391."

■ Here neither Marye McDonald nor Sam Bloom was bound by the judgment rendered in Cause No. 229,507. Neither of them could invoke the doctrine of res adjudicata by reason of the judgment. While W. Noble Carl, Houston Title Guaranty Company, S. A. McCall, and his heirs are privy to the judgment since their succession to the rights of property therein adjudicated are derived through a party to the action and subsequent to the commencement thereof, neither Sam Bloom nor Marye McDonald is privy to the judgment since their rights of property accrued prior to the commencement of the action. Appellant cannot invoke the doctrine of res adjudicata by reason of the judgment, and the trial court did not err in excluding the proffered evidence.

Appellant contends that the trial court erred in permitting the appellees to introduce documents in support of their title over his objection because they failed to timely file abstracts of instruments upon which they relied as required by Rule 792, Texas Rules of Civil Procedure.

Appellees, Willis Blackshear et al., filed a list of instruments which they intended to read from the records on March 11, 1968, but did not file an abstract of title. The attorney for appellees, First National Bank of Dallas, Executor, et al, filed an abstract of title on October 6, 1966. No demand for abstract was made on Howard Blackshear, Gracie Smith Brown, or Catherine Boniaby. Rule 792, T.R.C.P., requires that after a demand in writing for an abstract of title is served, such abstract shall be filed with the papers of the cause within 20 days. It also provides that the trial court may extend the time on good cause shown. The abstract of title was not filed within the time limit and there is no formal order extending the time but the abstract was filed long prior to the trial. Rule 792 also provides that if the abstract is not filed as required by the rule no evidence of the claim or title of the party failing to comply with the rule shall be given on trial.

Rules 791 and 792, T.R.C.P., were, before adoption, codified as Article 7376 and Article 7377, R.C.S., and their purpose is construed in Davis v. Dowlen, 136 S.W.2d 900 (Beaumont Civ.App.1939), wherein the court said that the purpose was to give the parties to the suit an opportunity to know what documentary evidence the opposite party expects to rely upon to support the title he seeks *affirmatively* to recover.

■ Extensions of time will be freely given, even to permitting the filing of an amended abstract at the commencement of the trial. Keller v. Downey, 161 S.W.2d 803 (Beaumont Civ.App.1942, aff'd 143 Tex. 171, 183 S.W.2d 426). If the parties' pleadings supply the information which an abstract would contain, or if the information is supplied in a list filed pursuant to Art. 3726, V.A.C.S., the in-

struments so described are admissible. McCraw v. City of Dallas, 420 S.W.2d 793 (Dallas Civ.App.1967, ref. n. r. e.); Semmes v. Olivarez, 368 S.W.2d 46 (Austin Civ.App.1963). The failure of appellant to object at the time the instruments were offered in evidence constituted a waiver of the failure to timely file the abstract. The appellees not served with a demand for abstract joined in the offer of the instruments. Appellant had ample notice of all the instruments offered by appellees material to the questions considered, and the trial court did not err in admitting these instruments into evidence.

■ Appellant also complains of the action of the trial court in failing to file findings of fact and conclusions of law. This was a trial to a jury. The trial court withdrew the case from the jury and rendered judgment. Under these circumstances Rules 296 and 297, T.R.C.P., are not applicable since they specifically refer to cases tried by the court. Hutchinson v. Texas Aluminum Co., 330 S.W.2d 895 (Dallas Civ.App.1959, error refused, n. r. e.); Cox v. Rhodes, 233 S.W.2d 924 (El Paso Civ.App.1950).

■ Appellant offered in evidence the application to probate the will of Sam Bloom, Deceased, his will, and the order admitting it to probate as a muniment of title. The trial court admitted these proceedings for the limited purpose of proving pedigree. The same ruling was made on his offer of the application for administration upon the Estate of Estella Bloom, Deceased, and the order of appointment. In this we think the court erred. In the case of Blunt v. Houston Oil Co., 146 S.W. 248 (Galveston Civ.App. 1912, writ ref.), the court reviewed the authorities and reached this conclusion:

"It is contended in the argument in the brief that the proposition stated in the charge is unsound as an abstract proposition, citing Chamblee v. Tarbox, 27 Tex. 139, 144, 84 Am.Dec. 614, Robertson v. Dubose, 76 Tex. 1, 6, 13 S.W. 300,

McNeil v. O'Connor, 79 Tex. 227, 230, 14 S.W. 1058, and Leland v. Eckert, 81 Tex. 226, 229, 16 S.W. 897, in support of the contention. We understand the effect of those decisions to be that, where no issue is raised as to the identity of persons, the identity of names is sufficient to establish such identity. For instance, if in a chain of title there be a deed to John Smith, and following such deed one from John Smith, without any further evidence this would be sufficient to show that the John Smith to whom the land was conveyed was the same person who made the succeeding conveyance, and the same rule would apply when plaintiffs claim as heirs of a person named in a deed or grant. In the cases cited, the general doctrine is applied to the facts of the cases and the case of Leland v. Eckert is also applied, where the names were similar, as Colin Bland and Colin De Bland, the evidence showing both names to be used by the same person.

"The following from the opinion of the court in Jester v. Steiner, 86 Tex. 415, 419, 25 S.W. 411, states the correct rule applicable to the present case, where the decision of the case turns upon the issue as to the identity of James Blunt, who was plaintiffs' ancestor, with the person of the same name to whom the grant was executed: 'Similarity of name is held to be sufficient to establish identity of the person when there is no evidence to the contrary, and no suspicion cast upon the transaction by the evidence; but, in case the identity is controverted, then similarity of name alone is not sufficient to establish such identity. Robertson v. Du Bose, 76 Tex. 1, 13 S.W. 300. It depends upon the issue made by the evidence as to whether or not the similarity of name is sufficient. McNeil v. O'Connor, 79 Tex. 227, 229, 14 S.W. 1058; Fleming v. Gibney, 81 Tex. 422, 427, 17 S.W. 13. If the issue is that the deed was not executed by the person in question, then the identity of the person is put in direct issue, and, if evidence

be introduced tending to prove that the person who executed the deed was not the person in question, similarity of name alone will not be sufficient to establish the fact.' "

Here we find no evidence that S. Bloom, to whom the property in question was deeded, and Sam Bloom, whose will was offered, were not one and the same person. In the absence of evidence casting doubt upon the identity of persons, the identity of names is sufficient to establish identity of the persons.

In view of the outstanding chain of title superior to that claimed by appellant through Sam Bloom, the error of the Trial Court becomes immaterial and does not require a reversal of this cause. For the same reason the other points of error raised by appellant are found to be immaterial and do not require discussion. Rule 434, T.R.C.P.

The judgment of the Trial Court is affirmed.