**C. W. BENNETT, Jr., et al., Appellants,**

v.

**GIBRALTAR SAVINGS ASSOCIATION, Appellee.**

**No. 15426.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

March 27, 1969.

Rehearing Denied April 17, 1969.

---

C. C. Divine, Houston, for appellants.

Bob Casey, Jr., John R. Cope, Houston, Bracewell & Patterson, Houston, of counsel, for appellee.

COLEMAN, Justice.

Gibraltar Savings Association brought this suit as a trespass to try title action against C. W. Bennett, Jr., H. G. Divine, and Betty Jean Levi. These defendants answered and filed a cross-action. After trial to the court without a jury, a judgment was entered in favor of Gibraltar Savings Association for the title and possession of the subject property and for damages. The defendants were denied relief under their cross-action.

On June 6, 1963, Clayton A. Taylor and Virgil J. Taylor conveyed to Don L. Taylor Lot 15, Block 5, South End Sunnyside, an unrecorded subdivision in the Lois Gladitch Survey, Harris County, Texas, described by metes and bounds in a deed recorded in Vol. 1638, page 421, Harris County Deed Records. The deed to Don L. Taylor recited that "No lien either express or

implied is retained or shall exist." On the same date Don L. Taylor signed and delivered to Royal Homes, Inc., a mechanic's and materialman's lien contract and deed of trust to secure a note payable to Royal Homes, Inc. These instruments were recorded on June 26, 1963.

On August 19, 1963, Clayton A. Taylor and Virgil Taylor filed suit against Don L. Taylor for the purchase price of said lot and asserted a lien on the lot. On November 4, 1963, J. Deutser, d/b/a The Royal Homes Construction Company, was made a party defendant in the suit.

On October 15, 1963, Royal Homes, Inc., assigned the note and liens securing it to Realty Enterprises of Houston, Inc., who, on the same date, assigned to Gibraltar Savings Association.

On August 26, 1964, judgment was rendered against Don L. Taylor and J. Deutser. On December 1, 1964, by virtue of an execution issued on this judgment, the subject property was sold at sheriff's sale and purchased by Clayton Taylor and Virgil Taylor, who sold to C. W. Bennett on December 16, 1965. Meanwhile, the note held by Gibraltar Savings Association being in default, a substitute trustee, after following the procedure prescribed by the deed of trust, sold the subject property to Gibraltar Savings Association on December 7, 1965. Gibraltar was unable to secure possession of the property and filed this suit on May 13, 1966.

The trustee named in the deed of trust by written instrument declined to act as trustee. A substitute trustee was then appointed and conducted the sale. The deed of trust provides that a substitute trustee may be appointed in the event of the refusal of the trustee to act. Appellants' contention that the substitute trustee was improperly appointed is not supported by the record.

In essence appellants' contention on appeal is that the judgment of August 26, 1964, against Don L. Taylor, from whom appellee derives title, establishes their title as being superior to that shown by appellee. This contention is not sound and cannot be sustained.

The deed of trust lien on the subject property was created prior to the commencement of the suit. There is no evidence that at the time Don L. Taylor entered into the mechanic's and materialman's lien contract with Royal Homes, Inc., that corporation knew, or had notice of, the fact that Don L. Taylor had not paid for the lot.

The rules of law applicable to this case are stated in *Harris Realty Co. v. Austin*, 134 Tex. 484, 137 S.W.2d 19 (1940). There the court said:

> " * * * the filing of the lis pendens notice operates merely as notice to everybody of the pendency of the suit. It does not have effect to expand in the slightest degree the general rule, pertaining to the doctrine of res adjudicata, which is to the effect that the judgment in the suit concludes nobody but the parties to the suit and those whose succession to the rights of property therein adjudicated are derived through or under one or the other of the parties to the suit, and which accrued subsequent to the commencement of the suit. See *Cain v. Balcom*, 130 Tex. 497, 109 S.W.2d 1044. The rights of a lienholder, whose lien arose prior to the commencement of such suit, are not affected by the adjudications made in the suit unless he be made a party to the suit. This holds true regardless of the fact that such lienholder has notice of the pendency of the suit. *McDonald v. Miller*, 90 Tex. 309, 39 S. W. 89."

Appellee was not a party to the suit. While its rights of property were derived under one of the parties to the suit, these rights did not accrue subsequent to the commencement of the suit. *Farhart v. Blackshear*, 434 S.W.2d 395 (Tex.Civ.App., 1st Dist., 1968).

Appellee introduced proof of a common source of title and of its superior right under the common source. The evidence supports the judgment of the distinguished trial court.

The judgment is affirmed.