**Opinion issued August 30, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-10-01068-CV

———————————————

## MARK S. JOHNSON, Appellant

## V.

## LISA COPPEL, INDIVIDUALLY AND AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF JOAN J. COUNTS, Appellee

---

On Appeal from Probate Court No. 3
Harris County, Texas
Trial Court Case No. 362,660-402

---

## MEMORANDUM OPINION

Mark Steven Johnson appeals from the trial court's rendition of summary judgment against him on all of his claims against Lisa C. Coppel, individually and as independent administrator of the estate of Joan J. Counts.  In six issues, Johnson

argues that the trial court erred in granting both traditional and no-evidence summary judgment on his claims because there was more than a scintilla of evidence that (1) he had standing; (2) his signature on the conveyances selling the properties in question were forged; and (3) he suffered damages.

We affirm.

## Background

Mark Steven Johnson's mother passed away in the mid-1970s. Some years later, Johnson's father began a relationship with Joan Counts. This relationship lasted almost 30 years until Counts's death in 2006. Coppel was appointed administrator of Counts's estate.

Some time after Counts's death, Johnson discovered deeds conveying certain properties from Counts to "M.S. Johnson" and, later, from "M.S. Johnson" to Johnson's father. Another deed showed other property being conveyed from "Steven Johnson" to Johnson's father. All of the deeds conveying property from either M.S. Johnson or Steven Johnson to Johnson's father were notarized by Counts. At least two of the three sets of property were subsequently conveyed to Counts.

Believing he was the "M.S. Johnson" and "Steven Johnson" named in the conveyances, Johnson filed suit on April 20, 2007, asserting a claim to set aside deeds conveying the properties to Johnson's father on the grounds of forgery.

Coppel denied Johnson's allegations and raised the affirmative defense of failure of consideration in addition to other defenses. She also asserted counterclaims for declaratory judgment to quiet title and a suit to remove cloud from title.

On July 23, 2008, Coppel filed a hybrid motion for summary judgment, challenging on traditional and no-evidence grounds: (1) Johnson's standing; (2) Johnson's ability to prove forgery; (3) Johnson's ability to prove damages; and (4) whether the conveyances to Johnson failed for lack of consideration. Coppel relied in large part on Johnson's own deposition as evidence of her arguments in the traditional portion of her motion for summary judgment.

Johnson filed a response, addressing each of Coppel's grounds for summary judgment. Johnson relied in large part on his own affidavit to address the grounds raised by Coppel and to clarify certain testimony in his deposition.

Coppel filed a reply to Johnson's response, asserting, among other things, that Johnson's affidavits should be disregard and stricken because they were sham affidavits that contradicted testimony given at the deposition.

The trial court granted Coppel's motion for summary judgment against Johnson for all claims made by Johnson without expressly stating the grounds on which it granted summary judgment. Johnson appealed. Because the trial court

had not disposed of Coppel's counterclaims, we dismissed for lack of jurisdiction.[1] Coppel dismissed her claims without prejudice, and Johnson again appealed.

## Standard of Review

The summary-judgment movant must conclusively establish its right to judgment as a matter of law. *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). Because summary judgment is a question of law, we review a trial court's summary judgment decision de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

To prevail on a traditional summary-judgment motion, asserted under Rule 166a(c), a movant must prove that there is no genuine issue regarding any material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

After an adequate time for discovery, a party may move for no-evidence summary judgment on the ground that no evidence exists for one or more essential elements of a claim on which the adverse party bears the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian*

---

[1] *See Johnson v. Coppel*, No. 01-09-00057-CV, 2010 WL 4484023 (Tex. App.—Houston [1st Dist.] Nov. 10, 2010, no pet.).

4

*Corp.*, 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). The burden then shifts to the nonmovant to produce evidence raising a genuine issue of material fact on the elements specified in the motion. TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The trial court must grant the motion unless the nonmovant presents more than a scintilla of evidence raising a fact issue on the challenged elements. *Flameout Design*, 994 S.W.2d at 834; *see also Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (holding "[m]ore than a scintilla of evidence exists when the evidence supporting the finding, as a whole, rises to a level that would enable reasonable and fair-minded people to differ in their conclusions").

To determine if there is a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848 (citing *City of Keller*, 168 S.W.3d at 827). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). When the trial court's summary judgment order does not state the basis for the trial court's decision, we must uphold the order if any of the theories advanced in the motion are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

**Standing**

In his first two issues, Johnson argues the trial court erred by granting traditional and no-evidence summary judgment on the basis that Johnson lacked standing. For the reasons given below, we hold that Coppel met her burden in her traditional motion for summary judgment to establish that Johnson lacked standing.

Standing is implicit in the concept of subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). The general test for standing requires that there be a real controversy between the parties, which will be actually determined by the judicial declaration sought. *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996). "Standing consists of some interest peculiar to the person individually and not as a member of the public." *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984). Specifically, a plaintiff has standing to sue if (1) the plaintiff has sustained or is immediately in danger of sustaining some direct injury as a result of a complained-of wrongful act; (2) there is a direct relationship between the alleged injury and the claim asserted; (3) the plaintiff has a personal stake in the controversy; (4) the challenged action has caused the plaintiff some injury in fact; or (5) the plaintiff is an appropriate party to assert both its own interest and the public interest in the matter. *Am. Heritage, Inc. v. Nev. Gold & Casino, Inc.*, 259 S.W.3d 816, 820 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

The issue concerning standing is whether Johnson ever had any interest in the properties that would give him standing to complain about any fraudulent conveyances. Coppel argued in her motion for summary judgment that Johnson could not establish that he ever had any interest in the properties—that is, that Johnson could not establish that he was the purchaser named in the conveyances to "M.S. Johnson" and "Steven Johnson"—that would give him standing to sue. Specifically, she argued that Johnson affirmatively disclaimed in his deposition that he ever owned the properties or that he was the "M.S. Johnson" named in the conveyances. We agree.

In his deposition, Johnson unequivocally stated that (1) to his knowledge, he had never owned *any* real property; (2) he knew nothing about any of the transactions in question; (3) he did not sign any of the deeds in question; (4) he did not pay for any of the properties; (5) he could not afford to pay for any of the properties; and (6) as a term of receiving Social Security Insurance benefits, he was not supposed to own any property. This evidence establishes that Johnson was not the purchaser[2] identified as "M.S. Johnson" and "Steven Johnson" in any of the conveyances.

In his response to the motion for summary judgment, Johnson included an affidavit, which he asserts establishes his standing to bring his claims. Coppel

---

[2] The deeds identify the conveyances as sales, and Johnson never alleged or presented evidence suggesting the conveyances were, instead, gifts.

7

argues that Johnson's affidavit is a sham affidavit. A statement in a sham affidavit "fails to raise a genuine issue of material fact if (1) the statement clearly contradicts the affiant's earlier deposition testimony on a material point, (2) the affidavit is executed after the deposition was taken, and (3) the affidavit fails to explain the reason for the change." *Tejada v. Gernale*, 363 S.W.3d 699, 707 (Tex. App.—Houston [1st Dist.] 2011, no pet.). We do not need to resolve whether the affidavit is a sham affidavit because, even accepting the statements in Johnsons affidavit as true, he cannot prevail.

Johnson asserts in his affidavit that (1) he can be identified as Mark Johnson, Mark Steven Johnson, Mark S. Johnson, M.S. Johnson, and Steven Johnson; (2) he owned the properties in question; (3) he is the only person in his immediate and extended family "with the initials of M. S. Johnson"; and (4) he did not sign the deeds conveying the properties to his father, and they were not conveyed with his authority. He also offered explanations as to any inconsistencies between his deposition and his affidavit.

Nevertheless, Johnson continued to assert in his affidavit that he never knew that he owned the properties. Additionally, his affidavit does not controvert his prior testimony that he did not pay for, could not pay for, and was not supposed to own any of the properties.

Based on Johnson's affidavit, then, the only evidence he proffers in support of his claim of having ownership in the properties is similarity of names between him and the purchaser and his bare assertion that he owns them.

For real property transactions, "[s]imilarity of name is held to be sufficient to establish identity of the person when there is no evidence to the contrary, and no suspicion cast upon the transaction by the evidence." *Farhart v. Blackshear*, 434 S.W.2d 395, 400 (Tex. Civ. App.—Houston [1st Dist.] 1968, writ ref'd n.r.e.); *see also Kerby v. Ogletree*, 313 S.W.2d 325, 329 (Tex. Civ. App.—Beaumont 1958, writ ref'd n.r.e.) (holding "[i]f there is no controverting evidence, proof of identity or similarity of name will suffice"). When the identity of a person in the deed "is controverted, then similarity of name alone is not sufficient to establish such identity." *Farhart*, 434 S.W.2d at 400. Given that Johnson's own testimony, in his deposition and his affidavit, controverts his claim that he ever purchased the properties, similarity of names is insufficient to raise a fact issue. *See id.*

We are left, then, with Johnson's bare assertion that he owns the property. Coppel argues that this is conclusory. We agree.[3]

---

[3]    Coppel did not obtain a ruling on her objection that Johnson's affidavit contains conclusory statements. An objection that an affidavit is conclusory is an objection as to the substance of the affidavit, however, and may be considered for the first time on appeal. *Hou-Tex, Inc. v. Landmark Graphics*, 26 S.W.3d 103, 112 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

"A conclusory statement is one that does not provide the underlying facts to support the conclusion." *Winchek v. Am. Express Travel Related Servs. Co., Inc.*, 232 S.W.3d 197, 206 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Conclusory statements in an affidavit are insufficient to raise an issue of fact in response to a motion for summary judgment. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996); *Winchek*, 232 S.W.3d at 206.

Johnson's only support for his statement that he still owns the properties in question is that he was told he owns the properties. This support, however, is also conclusory. It provides no explanation for how the people that told him that he owned the properties knew that information. Without explanation, these are simple legal conclusions concerning the matter at issue: whether Johnson was the purchaser identified in the conveyances as "M.S. Johnson" and "Steven Johnson."

We hold that Coppel met her burden of establishing as a matter of law that Johnson lacked standing to sue. *See* TEX. R. CIV. P. 166a(c). We overrule Johnson's first and second issues.[4]

---

[4]    Because we hold that Johnson lacked standing to sue, we do not reach the remainder of Johnson's issues concerning whether there was evidence that Johnson could prevail on the merits for his claims. *See* TEX. R. APP. P. 47.1.

**Conclusion**

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Massengale.